No. 2587.

## Mrs. Margaret Byrne v. Casey & Swasey et al.

1. **Benefit Certificate.**—On the face of a mutual benefit association certificate it appeared that the wife of a member whose name was mentioned in it as beneficiary, was not a party to the contract with her husband evidenced by it. It was subject to be surrendered by the laws of the association, which were, after its issuance, amended so as to permit a surrender of the certificate without the consent of the beneficiary. After the laws were thus changed the original benefit certificate was surrendered by the husband, and another issued instead to the husband, who before his death assigned the new certificate on full consideration, and without fraud in the assignment. *Held:*

(1) That the wife was not thereby deprived of any legal right.

(2) Her ignorance of the surrender of the original certificate, and failure to give her assent to its surrender, are immaterial.

(3) The wife not being a party to the original contract, could not complain of the change of the laws of the association.

Appeal from Tarrant. Tried below before the Hon. R. E. Beckham.

*Hunter, Stewart & Dunklin,* for appellant: The first certificate, being a promise to pay to Margaret Byrne the sum of two thousand dollars upon the death of Henry Byrne, was a contract made with her and for her benefit, and when executed and delivered, its very terms and the by-laws upon the authority of which it was executed, prohibited Henry Byrne from surrendering it or changing the beneficiary therein, without the consent of Margaret Byrne. This prohibition was a limitation upon the power of Henry Byrne, and vested in Margaret Byrne the right to the benefits of that contract, and made her consent absolutely necessary to a valid surrender or change of it. (Splawn v. Chew, 60 Texas, 534; Manning v. A. O. U. W., 5 S. W. Reporter, 386; Chapin v. Fellows, 36 Conn., 132, same case 4 Am. Rep., 49; Holland v. Taylor, 12 N. E. Rep., 116, decided by the Supreme Court of Indiana, May 29, 1887; Whitehead v. N. Y. Life Ins. Co., 3 Central Rep., 34, decided by the New York Court of Appeals, April 13, 1883; Fowler v. Butterly, 78 N. Y., 68; Barry v. Brune, 71 N. Y., 267; Barry v. Equitable

Opinion of the court.

Life Ins. Co., 59 N. Y., 591; Ricker v. Charter Oak Life Ins. Co., 27 Minn., 193, same case, 38 Am. Rep., 289; Bliss on Life Insurance, secs. 317, 337; May on Insurance, secs. 390, 392.)

*Templeton & Carter,* for appellees: Mrs. Byrne, the appellant, not being a member of the order of the Catholic Knights of America, the certificate number 6252, issued on the life of her husband, Henry, on the third day of June, A. D., 1882, did not constitute a contract between her and the order, or create a right which was beyond the control of her husband, the assured, and the order.

The order had a lawful right to pass the by law which went into effect on July 1, 1885, and in effect when benefit certificate number 6252, issued on the third day of June, 1882, was surrendered, which by law dispensed with Mrs. Byrne's consent to the surrender of it. (Splawn v. Chew, 60 Texas, 534; Manning v. A. O. U. W., 5 Southwestern Reporter, 385; Lamont v. G. L. of H., 31 Federal Reporter, 177 with note; St. Patrick's Benevolent Society v. McVey, 92 Pennsylvania State Reports, 510; Hirsch on Law of Fraternities, 61, 62; Mitchell v. G. L. I. H. of H., 30 Northwestern Reporter, 865; Supreme Court of Iowa, 1886; Strange v. H. & T. C. R. R, 53 Texas, 162; 61 Texas, 114.)

WALKER, ASSOCIATE JUSTICE. June 10, 1887, suit was filed by the Supreme Council of Catholic Knights of America against Margaret and Patrick Byrne, widow and son of Henry Byrne, and the appellees Casey & Swasey. The subject of the suit was to compel the said Margaret Byrne and the said Casey & Swasey to interplead in order that it be determined who was owner of two thousand dollars, the proceeds of a certain benefit certificate, or certificate of membership, issued by plaintiff to Henry Byrne. No question is made upon the pleadings. ·

Margaret Byrne claimed as the beneficiary named in the original benefit certificate No. 6252, issued March 3, 1882. The parties Casey & Swasey claimed under benefit certificate No. 18643, issued September 29, 1885, direct to Henry Byrne, in lieu of his original No. 6252, which had been surrendered under the rules of the order.

The findings of facts and law made by the trial judge supply the statement of facts. It appears that the plaintiff is a

corporation under an act of the Legislature of Kentucky. In its charter it has "power to establish and maintain a benefit fund from which a sum not to exceed two thousand dollars shall be paid at the death of each member to his family or be disposed of as he may direct."

Article 1 of its Constitution provides as follows:

"Section 1. This body shall be known as the Supreme Council Catholic Knights of America, with power to make its own constitution, laws, and rules of discipline and general laws for the government of the entire order."

Article twelve of the constitution of the order in force when the first certificate was issued is as follows:

"Sec. 1. This constitution and these laws may be amended at any regular meeting of this supreme council by a vote of two-thirds of its members present, but all amendments must be presented in writing, signed by three or more members and presented to the secretary, who will forward them to the supreme president three months previous to the biennial meeting of the supreme council."

In the face of the benefit certificate in which appellant is beneficiary, which was issued June 3, 1882, is found the following stated provisions: "Said Supreme Council Catholic Knights of America agrees to pay to Mrs. Margaret Byrne, designated by said Henry Byrne in his application, or to the beneficiary or beneficiaries that he may hereafter have a certificate made in favor of on surrendering this certificate," and "said Henry Byrne shall have the right during his membership in the order to surrender this certificate and receive a new one, and may substitute another beneficiary or beneficiaries therein if he so desires, by complying with the laws of the order on the subject."

And there is also found there the following declaration or stipulation: "And it is expressly understood that this is a contract between the Supreme Council Catholic Knights of America and Henry Byrne alone, and not a contract between said council and the beneficiaries therein named."

The law of the order upon the subject of surrendering, etc., was, at the time the benefit certificate under which appellant claims was made and delivered, as follows: "Each member may enter upon his application the name or names of the member or members of his family, or those to whom he desires his benefit paid, subject to such future disposal of the benefit as

the member may thereafter direct, in accordance with the laws of this order, and they shall be entered in the benefit certificate according to said direction. A member may at any time when in good standing, with the consent of his beneficiary endorsed thereon, surrender his benefit certificate, which, with directions to whom a new certificate shall be made payable, and a fee of fifty cents, shall be forwarded by the secretary of his branch, under seal, to the supreme secretary, who shall thereupon cancel the old certificate and cause a new certificate to be issued to such member, payable as he shall have directed."

It appeared that July 1, 1885, this by law was changed by omitting the words "with the consent of his beneficiary endorsed thereon," and by adding, "provided, however, that the proposition of the member applying for such change shall first be submitted at a regular meeting of his branch, and receive the approval of a two thirds vote thereof."

Margaret Byrne never was a member of the association. Appellee Casey and Henry Byrne were members, and at the same time. On receiving the original benefit certificate Henry Byrne gave it to his wife, who kept it about one year, paying several assessments, then handed it with other deeds, etc., to defendant Casey for safe keeping. It was withdrawn from Casey's possession by her husband, without her knowledge or consent, and the change in the new certificate in the beneficiary was not known to her until after her husband's death. The new certificate was transferred to Casey & Swasey upon a bona fide indebtedness to them, and without fraud on their part. Henry Byrne died December 9, 1886. Proof of death, etc., was made. The company deposited the money in court, subject to the orders of the court upon ascertaining the ownership.

Appellant insists that she had a vested right to the benefit secured by her husband's membership, by reason of the gift of it by her husband, as well as by the terms of the certificate and the by-laws in force at the date of the accrual of her rights, and that the alteration of the rules of the association could not divest nor destroy her contract rights.

 In Splawn v. Chew (60 Texas, 534), the nature of these benefit certificates was discussed. The insurance results from membership. Each member insures his fellows and is insured by them by the terms of membership. Each member is charged with a

knowledge of its constitution and by laws, and is entitled to
the rights and privileges conferred by them. It was a contest
between the parents of a member, beneficiaries in the benefit
certificate, and the children claiming under the will of the
member. The court held that the beneficiaries named have no
perfect or vested rights in the certificate; that the rules as to
change of the beneficiary were for the protection of the order;
and that the member, under the by laws, could determine the
course of the benefit fund against those named as beneficiaries
in the certificate. (See cases cited; also Manning v. A. O. U.
W., 5 S. W. Rep., 385; St. Patrick's Benevolent Society v. Mc-
Vey, 92 Pa., 510; Hirsch on Law of Fraternities, 61, 62.)

If it be conceded, as in the case cited, "that the rules of law
for the construction of ordinary policies of insurance, so far as
they relate to the indefeasible rights of beneficiaries accruing
previous to the death of the insured, have no application to
cases" of mutual benefit companies, where it is otherwise stip-
ulated in the contract of insurance (60 Texas, 536), then, it
appearing on the face of the benefit certificate under which
the appellant claims that she is not recognized as a party to the
contract, and that it is subject to be surrendered under the
laws of the company; it further appearing that the by laws
of the company were duly amended so as to allow of the
surrender of the certificate without the consent of the ben-
eficiary, and upon other conditions; that after such change
the original benefit certificate was surrendered and another
issued instead and to the member himself; and that, before
his death the member assigned the new certificate, upon full
consideration and without fraud in the assignee taking it,
it would follow of necessity that the original beneficiary
was thereby deprived of no legal right. Nor is the result
affected by her ignorance and want of assent to the surrender
of the original; for under its terms she was deprived of con-
tract rights, and the right to change the beneficiary by comply-
ing with the laws of the order were reserved. In making those
laws she could not participate, nor exercise a veto upon the
application of them to her husband's rights under his member-
ship. In short, the company had the right to make and alter
its constitution and by laws as allowed by its charter. The
rights of the members were controlled by the laws of member-
ship, of which they are charged with notice. Much more
would they limit the rights of those whose relations with the

company excluded in terms the existence of any contract with the order.

In determining this case, the decision in 60 Texas, above cited, is adhered to and held, when applied to the facts of this case, to conclude the beneficiary named in the original benefit certificate.

No error is found in the record, and the judgment is affirmed.

*Affirmed.*