BROWN v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN, AND GRACE, Intervenor.

**Life Insurance: MUTUAL BENEFIT SOCIETIES : CHANGE OF BENEFICIARIES: FRAUD.** Plaintiff's father was a member of the defendant order, and to him was issued a beneficiary certificate in which plaintiff was named as beneficiary. This certificate he delivered to the plaintiff, who held possession of it for many years, until her father procured it from her upon a false statement of his purpose, whereupon he returned it to the order and procured a new certificate payable to his wife, the intervenor. After this the father died, and this contention is between plaintiff and intervenor to determine who is entitled to the benefit. *Held* that, under the by-laws of the defendant order, which conferred upon its members the unqualified right to change the beneficiaries in their certificates in the manner in which the change in this case was made, and under the provisions of our statutes ( sec. 7, chap. 65, Laws of 1886 ), the certificate conferred upon plaintiff no vested right, even though given to her and held in her possession, and that, therefore, she could claim nothing on account of the fraud by which she was induced to give it up, and that the court rightly entered judgment for the intervenor. (See opinion for citations.)

*Appeal from Delaware District Court.*—HON. JOHN J. NEY, Judge.

FILED, MAY 26, 1890.

ACTION to recover the avails of a certain beneficiary certificate issued by the defendant. The defendant, not questioning its liability for the payment of the

amount specified in the certificate, paid the same into court for the party legally entitled thereto ; and hence the controversy is between the plaintiff and the intervenor.   The plaintiff was a daughter of the assured, and the intervenor was his wife by a second marriage, but not the mother of the plaintiff.   Two certificates were issued by the defendant, in the first of which the plaintiff was named as beneficiary, and in the second the intervenor.   The district court found the facts, of which the following are the substance so far as needed on this appeal:   About 1878 or 1879, James Grace delivered the first certificate to the plaintiff ; she being then about fourteen years of age.   The plaintiff retained it, either in her own custody or that of her mother, until February, 1887.   Prior to February, 1887, James Grace married the intervenor ; and in February, 1887, he obtained the certificate from the plaintiff by representing to her that he desired it for the purpose of making her sister Kate a joint beneficiary therein, the plaintiff agreeing thereto.   At this time, plaintiff had no knowledge that her father had again married.   After obtaining the certificate, James Grace presented it to the defendant society, and obtained a second certificate, with the intervenor named as beneficiary.   James Grace died in July, 1888, and this action is to determine the rightful owner of the avails of the certificate.   The by-laws of the society contain the following provision :   "Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change, in writing, on the back of his certificate, in the form prescribed."   The district court, as a conclusion of law applicable to such facts, found for the intervenor, and gave her judgment for the avails of the certificate.   The plaintiff appeals.

*A. J. P. Garesché* and *Bronson & Carr*, for appellant.

*Blair, Dunham & Norris*, for intervenor, appellee.

GRANGER, J.—It should be conceded at the outset that James Grace obtained the certificate from plaintiff by misrepresentation or fraud. We regard this fact as found by the district court, and we must consider the case with it in full view. With this point settled at the outset, we dispose of much said in argument in relation thereto, and bring ourselves to what we regard as the controlling question in the case.

Appellant concedes that if James Grace had procured the certificate with plaintiff's name therein as the beneficiary, and had retained possession thereof, he would have had the right to surrender it, and take a new certificate with another person as beneficiary, because he could then surrender the certificate, as he was required to do by the laws of the order. But it is urged that in this case he had parted with the possession of the certificate, and made a gift thereof to the plaintiff, by which she obtained a vested right or interest therein; and this is urged as the distinguishing feature of the case. Inasmuch as the certificate was in the possession of James Grace, and by him surrendered when the new certificate issued, the force and effect of such possession is sought to be avoided by the fact that the possession was fraudulent, and that James Grace could legally take no advantages from such possession. We think it must be conceded that the possession of the certificate by James Grace gave him no rights, as against plaintiff, that he was not entitled to before she surrendered the certificate. If she had such a vested interest therein that she could legally have refused her father the possession thereof for the purpose of changing the beneficiary, as he did, we should strongly incline to the view—with the situation of this case as to the parties actually in interest—that he could not defeat such right by such indirect or fraudulent methods. If, on the other hand, she had no such interest in the certificate as would justify her in retaining it from him, if he desired it for such purpose, then she suffered

no prejudice from the fraud, and is in no position to complain, or at least she is not in a position, because of fraud, to claim as absolutely hers what before was only conditionally so. What, then, were the rights of the plaintiff because of the fact of her possession of the certificate? The authorities will be better understood if we keep in view the effect of naming a person in a certificate as beneficiary without surrendering to him the possession, which is that it gives to such person no rights before the death of the assured, and that the certificate is revocable at the pleasure of the assured, under the provisions of the laws of the society. The authorities on the point are uniform, and are not questioned in this case. How, then, does the mere delivery of the certificate to the beneficiary change the right? It being only the evidence of what in law is a mere expectancy, the delivery of it conveys no present right; for no present right exists. The assured has no vested property rights that he can convey. Bac. Ben. Soc., sec. 289. The section says: "The member of a beneficiary organization, on the other hand, as we have seen, has no property interest in the benefit, but only the naked power of designating some one to receive it. This designated recipient, also, has no property nor vested rights in the benefit, because his interest is contingent and uncertain; the power of the member to revoke the appointment and substitute a new beneficiary being specially reserved by the laws of the society, which laws enter into, and form a part of, the contract."

The possession of the certificate by the beneficiary makes her no more than a beneficiary. A beneficiary has no vested rights until the death of the member occurs. *Society v. Burkhart*, 10 N. E. Rep. 79; *Richmond v. Johnson*, 28 Minn. 447; 10 N. W. Rep. 596. In this respect a certificate in a beneficiary association differs from an ordinary life-policy, and this difference, as expressed in *Society v. Burkhart*, *supra*, is as follows: "In the one case the rights of the beneficiary are fixed and vested from the moment the policy takes

effect. In the other, they are subject to such changes as the law of the association authorizes the member to make. All that a beneficiary has during the lifetime of a member, owing to his right of revocation, is a mere expectancy dependent upon the will and pleasure of the holder of the certificate. This expectancy is not property. *Durian v. Central Verein*, 7 Daly, 168." The case of *Byrne v. Casey*, 8 S. W. Rep. 38, is a Texas case, and involves the effect of a gift; and that particular point was urged, as in this case. Byrne took a certificate in a benefit association, with his wife therein as beneficiary, and delivered to her the certificate, which she kept for about one year, and paid several assessments thereon, and delivered it to the defendant Casey for safe-keeping. Byrne, without the knowledge or consent of his wife, withdrew the certificate from Casey, surrendered the same, and took a new one with Casey and Swasey as beneficiaries. Mrs. Byrne had no knowledge of any change in the certificate until after the death of Byrne. A significant feature of that case is that, when the certificate issued, the laws of the society gave a member the right to change the beneficiary in his certificate, with "the consent of his beneficiary indorsed thereon." After the delivery of the certificate to Mrs. Byrne, and without knowledge to her, the society so changed its laws as to strike out the clause with reference to the consent of the beneficiary; and thereafter, and under the law as changed, Byrne effected a change of beneficiaries. The facts of that case are stronger in favor of Mrs. Byrne than are those of this case in favor of the plaintiff. In that case, as in this, the society placed the money in court, and the question was presented as to the rights of the respective beneficiaries. The court held in favor of those named in the latter certificate, and placed its holding on the rule that "the beneficiaries named have no perfect or vested rights in the certificate; that the rules as to change of the beneficiaries were for the protection of the order; and that the member, under the by-laws,

could determine the course of the benefit fund against those named as beneficiaries in the certificate.'' The court cites in support of this holding *Splawn v. Chew*, 60 Tex. 534; *Manning v. Ancient Order*, 5 S. W. Rep. 385; and *Society v. McVey*, 92 Pa. St. 510.

Keeping in view the fact that the plaintiff in this case, even with the possession of the certificate, was no more than a beneficiary, we may profitably quote from our statute. A part of section 7, chapter 65, Acts Twenty-first General Assembly, is in these words: ''Any member of any corporation, association or society operating under this act shall have the right at any time, with the consent of such corporation, association or society, to make a change in his beneficiary, without requiring the consent of such beneficiary.'' The act is one for the regulation of mutual benefit associations; and, while it recognizes an authority or control as to such changes on the part of the association, it clearly authorizes such changes without the consent of the beneficiary. Appellant does not in argument question the validity of this statute; and we must not, in any sense, be understood as holding that such a statute could operate to impair vested rights. We have cited it in connection with authorities holding that such beneficiaries have no vested rights.

The case of *Fisk v. Eq. Aid. Union*, from the supreme court of Pennsylvania (11 Atl. Rep. 84), is one, also, in which there was a delivery of the certificate by the wife, who was a member of the union, and her husband the beneficiary. Besides the possession of the certificate, he paid all the assessments on it, and the wife changed the beneficiaries. The court says: ''Notwithstanding the fact that the certificate was delivered to the plaintiff, and the assessments thereon were paid by him, his wife had the right, on presenting it to the supreme secretary, to apply for and effect a change in the designation of the beneficiary named therein. * * * When plaintiff accepted the original certificate, and paid the assessments thereon, he knew, or ought to

have known, that he held it subject to the right of his wife to change the designation of those to whom the insurance money should be paid upon her death." These cases seem quite conclusive of the question before us. Whatever consequences should attach to the fraudulent acquirement of the certificate, it could not have the effect of creating a vested right where none existed before. If plaintiff, with the possession of the certificate, had no such right therein as would defeat the right of her father to change the beneficiary, she had no such right as would justify her retention of it if he demanded it for that purpose.

Appellant cites some authorities claimed to announce a different rule; but we think, with similar facts, there is no serious conflict. Some of the authorities cited by appellant we have cited in support of our holding. Others are unlike this case as to facts; some of them being cases where the insurance was in "old-line companies," wherein a different rule is conceded because of vested rights from the issuing of the policy. With these views, the judgment of the district court must be AFFIRMED.