720

## PENINSULAR RELIEF ASSOCIATION

VS.

## MARY E. McDANIEL AND JAMES S. CLOGG.

*Joseph S. and Charles W. Heuisler* for plaintiff.

*George M. Upshur* and *Hodson & Hodson* for defendants.

STOCKBRIDGE, J.—

In this case a bill of interpleader has been filed by the plaintiff, praying to be allowed to pay into Court the sum of $1,538.16, ownership in which is claimed by each of the defendants, and the answers filed raised the question of the right of the plaintiff to interplead as to the said amount. That is the sole question now before the Court. The facts from which the case arises are these: On the 23rd of April, 1889, Stephen McDaniel became a member of the Peninsular Relief Association of Talbot County, which association has now become the Peninsular Relief Association of Maryland, and by the certificate of membership issued to Mr. McDaniel at the time he became a member, the association undertook upon his death to pay to Mary E. McDaniel, his widow, her heirs and assigns, a sum equal to the amount received from a death assessment, but not exceeding the sum of $2,000.

Stephen McDaniel died, still retaining his membership in said association, in the month of December, 1896, and an assessment was levied for the purpose of paying the amount due under the certificate issued to him. That assessment upon the members realized only the sum of $1,809.58. This appears from the testimony taken at the hearing of this case, and which is in no way contradicted. Under the terms of the certificate it is clear that the beneficiary therein named did not acquire any right upon the death of Mr. McDaniel to be paid any other or greater sum than the amount received from a death assessment, that is in this case the sum of $1,809.58. The company, however, has deducted from this amount so assessed and collected, 15 per cent., or $271.42, and this deduction is made under the provisions of Section 6, of Article 7 of the By-Laws of the Association, which provides, "that 15 per cent. of any moneys collected may be appropriated by the Board of Directors for expenses and management, caring for the collection of said money," etc. The By-Law in question was not a By-Law of the Company at the time when Mr. McDaniel became a member of the Association, but was adopted at a meeting of the Directors held on the 11th of November, 1896. It is urged upon behalf of the present defendants that this By-Law is void and inoperative, and that therefore the Company has not the right to deduct 15 per cent. of the amount of the death assessment levied or collected, because there was no provision in the certificate of membership, or in the application for membership, by which Mr. McDaniel ever assented to any such regulation or assented in general terms to any amendments to the By-Laws that might be adopted, subsequent to his becoming a member, and that the certificate of membership constituted a contract between the Association and the member under which the beneficiaries of McDaniel acquired certain vested rights which could not be disturbed by the after adopted By-Law.

It is perfectly clear that when Mr. McDaniel became a member of the Association, he came subject to its then existing By-Laws, whether such fact appeared upon the face of the contract or not.

Osceola Tribe vs. Schmidt, 57 Md. 106.

Bacon on Benefit Societies, Sec. 185.

Bauer vs. Sampson Lodge, 102 Ind. 262.

The By-Laws in force at that time contained a distinct provision as to the manner in which those By-Laws might be repealed or amended, and it needs no citation of authorities for the principle that a corporation, beneficial society or association, can at any time, in the mode which it has itself prescribed, or in the absence of such prescribed mode, by a majority vote of

its members, repeal or amend its By-Laws, subject only to the limitations that the By-Laws as adopted must not be repugnant to the charter of the organization or the statute laws of the State; that it must not be unreasonable and as a general rule that it must not effect vested rights. There has been no question raised in this case that the present By-Law is in conflict with the Charter or Statute Law, or that the By-Law is itself unreasonable. The only question raised is that upon the issuance of the certificate, a right vested in the beneficiary therein named that could not be changed by any act of the Association. The term vested right is one which is often loosely used, and it is not entirely easy to say when the right under such a certificate becomes vested, nor are the cases in entire harmony upon this point. By a failure to pay the assessments for a specified length of time the certificate might have become forfeited at any time during the period of Mr. McDaniel's membership, and this fact affords ample ground for holding that the point of vesting of any rights under it must be referred to the date of the death of the member. Stohr vs. Musical Fund Society, 82 Cal. 557. But if we take the cases which do not hold to this strict view and examine them carefully, the following conclusions must result, that under a contract such as this one, both the assured and the beneficiary have a right that is in the nature of a vested one, but is not an unqualified vested right. On the contrary, it is qualified and limited in a great degree. It is a right subject to the limitations, conditions and restrictions of the charter and by-laws, which are factors of the contract, whether expressed in it or not, Masonic Mutual Benefit Society vs. Burkhart, 110 Ind. 189, and whatever the nature of the right, it is only such as the contract created, no matter who becomes the party beneficially interested, for the contract, with its limitations and conditions, is the primary source of the right to recover. Supreme Commandery, Knights of the Golden Rule, vs. Ainsworth, 71 Ala. 436; Byrne vs. Casey, 70 Tex. 247. As the contract, by force of the reservation in the by-laws, provides for a change in the by-laws, that right exists as against the beneficiary as well as against the assured, and the right, even if it were conceded to be a

vested one in the strictest sense, would, in the hands of the beneficiary, or an assignee, be subject to the provision that changes in the by-laws may be made in the prescribed mode, since the contract is the source from which all right flows. Supreme Lodge, Knights of Pythias, vs. Knight, 3 L. R. A. 413. The by-laws of this Association, therefore, if regularly adopted, was undoubtedly as good, valid and effectual against the beneficiaries of Mr. McDaniel as with regard to any other member of the Association.

Some criticism has been made of the minutes of the company which were offered in evidence for the purpose of showing adoption of the By-Law in that they were not as full and complete as is desirable in such cases. While those minutes do not in terms set out the precise language of this By-Law as offered at the meeting when it was first proposed, they do show that the proposed amendment and present By-Law was offered in writing, was considered favorably, and laid over for a subsequent meeting as required by the provisions of the by-laws, and while the minutes of the subsequent meeting at which the by-law was adopted do not in terms say that the amendments then adopted were the same amendments which had been offered at the previous meeting of the directors such is the clear and plain inference to be drawn from the minutes, and there is no proof or anything to give rise even to a suspicion that any different condition existed from that which the minutes import, though they may not accurately express. In such a condition when we bear in mind the well settled principle that the natural, the necessary and the proper presumption of law always is, and must be in favor of the validity of corporate acts, no sufficient reason appears for refusing the plaintiff relief upon the ground of the non adoption of the By-Law in question in the proper manner.

A further suggestion has been made that the By-Law in question is inoperative because there has been no formal vote of the board of directors for the retention by the Association of this fifteen per cent. of the amount of collections, either in the case of this particular assessment, or generally. Upon this point the evidence is not entirely clear. No such resolution appearing

upon the minutes has been offered in evidence, but it is in evidence that such deduction has been uniformly made in all cases since the adoption of the By-Law, and while it is true that custom does not, and cannot, take the place either of a By-Law or the positive action of the board of directors of an association as a general rule, yet when the By-Laws in terms authorize the board to do a specific act or series of acts, and the same are shown to be done, it would require strong proof to warrant a Court in finding that such acts. had been illegally done, and that proof is lacking in this case. It is true that as a rule a party is not called upon to prove a negative, but this rule is not invariable and there are a few instances like the present in which the authorities all seem to concur that the usual burden of proof is shifted. In accordance with the foregoing views, the prayer of the bill will be granted and a decree of interpleader signed.