PETER HEYDORF *et al*. v. ANNIE CONRACK.

No. 288.

LIFE INSURANCE — *Change of Beneficiary* — *Equity*. Where a holder of a certificate in a mutual benefit society desires to change the beneficiary therein and does all that he is required to do by the laws of the society, and then dies before the change is completed, a court of equity will decree the payment of the money the same as if the desired change had been fully completed in the lifetime of the assured.

Error from Marshall district court; R. B. SPILMAN, judge. Opinion filed January 31, 1898. Affirmed.

*Strong & Scoville*, for plaintiffs in error.

*J. A. Boughten*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: On the 27th day of July, 1896, John Heydorf was a member of and the holder of a beneficiary certificate in the Knights and Ladies of Security, a beneficiary society, the chief governing authority of which is a national council, located at Topeka, Kan., the subordinate council of which he was a member being located at St. Joseph, Mo. The beneficiary certificate was made payable in case of death to the heirs of John Heydorf, without naming them. He was sick in a hospital in St. Joseph, Mo., and was visited by J. H. Johnson, a member of the same order, and O. H. Andrews, a bridge superintendent under whose direction he had previously worked. At his request, the certificate was procured from his trunk, in Elwood, the blank on the face filled out, revoking his former direction as to the payment of the fund due at his death, and directing such payment to be made to his daughter, Annie Conrack. This was signed in person by John Heydorf, in the presence of Johnson and Andrews. At his request, Johnson took the certificate with this indorsement on it to the corresponding secretary, who attested it, as required by the rules of the order, but, as he was in attendance at another meeting and could not leave, he gave Johnson the key to his desk, and told him to attach the seal and send it off by mail. Johnson attached the seal, wrote a letter in the name of the corresponding secretary, and inclosed the certificate and letter, with fifty cents, the fee required, in an envelope addressed to the national secretary, at Topeka. But before the same was mailed, the next morning, Heydorf died, and Johnson inclosed in the same cover another letter announcing such death.

Upon this state of facts, the national secretary declined to issue a new certificate, and commenced this case in the court below, brought the money into court, and asked it to adjudicate the conflicting claims thereto. The court below awarded the money to the beneficiary last designated, and to reverse this the matter is brought to this court.

There is no conflicting evidence in the case, and the only real question is, Was the last designation of a beneficiary void by reason of Heydorf's death before the same reached the national secretary, and for that reason a new certificate was not issued? Section 3 of of article 2 of the laws of the society reads as follows :

"Any member holding a beneficiary certificate, desiring to make a new direction as to its payment, may do so by authorizing such change, in writing, on the back of his certificate in the form prescribed, attested by the corresponding secretary, with the seal of the council attached, and by the payment to the national council of the sum of fifty cents. No change of direction shall be valid, or have any binding force or effect, until said change shall have been reported to the national secretary, the old certificate filed with him, and a new certificate issued thereon, and said new certificate shall be numbered the same as the old certificate : provided, however, should it be impracticable for the corresponding secretary to witness the change desired by the member, attestation may be made by a notary public, or an officer of a court of record, seal to be attached in attest ; provided further, in case any beneficiary certificate shall have been lost or destroyed, or is in the hands or keeping of any one who refuses to surrender its possession, and the member to whom the same was issued desires to have a change of bene-ficiary made, such member may, by affidavit, establish, to the satisfaction of the national secretary, the fact of such loss, destruction, or withholding of possession, and thereupon a duplicate certificate may

issue, and the surrender and change of beneficiary to be as hereinbefore provided.''

In relation to the usual method of changing the beneficiary, J. M. Wallace, the national secretary, testified as follows :

'' The usual method of receiving is by mail from the secretaries of the lodge or council to which the member belongs. On the back of the certificate a blank is printed, which gives a form for changing beneficiaries, and is signed by the holder of the certificate and attested by the secretary. On the receipt of the certificate and a fee of fifty cents for making the change, a new certificate is issued and the old canceled. The new certificate is sent to the corresponding secretary of the council to which the member belongs.''

On cross-examination, this witness testified substantially that the usual way of making such a transfer was through the corresponding secretary of the local council, who attested the signature of the holder, collected of him the fee for the transfer, and sent them to the national secretary and received from the national secretary the new certificate. It is permissible in case of necessity that the signature be attested by a notary public or a clerk of a court of record, but in all cases the new certificate would be sent to the corresponding secretary of the local council.

Ignoring the question of agency, as raised upon the pleadings, we think the evidence shows that, in attaching the seal of the local council to the document and the transmission thereof to the national secretary, together with the fee therefor, J. H. Johnson acted for the corresponding secretary, and this matter is in the same condition it would have been had the corresponding secretary attached the seal and mailed them in person, and the information of the death of the as-

sured had come to the national secretary through some other source and a new certificate refused therefor.

There is no contention in this case that the beneficiary can be changed unless the same is done in substantial compliance with the laws of the order. Neither is it claimed that the assured had not an absolute right to have the change made whenever he so desired, in the manner provided by law, and the simple question is, After the assured had done everything he was required to do and it only remained for the corresponding secretary to transmit the papers and fee to the national secretary and for him to make out and return the new certificate, is the transfer void because they did not reach the national secretary before the death of the assured? This question must be answered in the negative.

In the case of *Supreme Conclave Royal Adelphia v. Capella*, 41 Fed. Rep. 1, the federal circuit court for the eastern division of Michigan says:

" There are, however, three exceptions to this general rule requiring an exact conformity with the regulations of the association: (1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. . . . (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. . . . (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued."

This case comes clearly within the principle of the second exception stated above ; and if our opinion as hereinbefore stated is sound, that Johnson acted for the corresponding secretary in forwarding the papers and money to the national secretary, then it comes within the language as well as the principle of the third exception.

We are cited by counsel to the case of *Olmstead v. Benefit Society*, 37 Kan. 93, and *Titsworth v. Titsworth*, 40 Kan. 571, as bearing upon the questions involved herein. In the first-mentioned case the supreme court held that the fund due under a beneficiary certificate could not be disposed of by will ; and in the other case it was held that a clause in the constitution of such an association prescribing the manner in which the beneficiary may be changed is directory only and could not be taken advantage of by the former beneficiary, but that the member has the absolute right to change it at his pleasure. These decisions, so far as they have any bearing upon this case, are in harmony with the judgment of the court below.

The judgment of the court below will be affirmed.