———o———

## No. 5976.

## MRS. HATTIE MARSHALL vs. KNIGHTS OF PYTHIAS.

### Syllabus.

The defendant issued to one of its members, Victor Marshall, an endowment policy with the clause written upon the face

thereof; "in accordance with the endowment laws governing this Grand Lodge and subject to such modifications made and to be made by the Grand Lodge Knights of Pythias." Victor Marshall named his wife as beneficiary. At the time of the issuance of the policy there was nothing upon the face of it nor in the laws of the lodge providing for a change of beneficiary, subsequently, an amendment to the laws was passed authorizing a member to change the beneficiary. Marshall changed his beneficiary and substituted his daughter to his wife. Held; that the clause upon the policy making it "subject to such modifications made and to be made" formed a part of the contract. and authorized the amendment; that even the wife as the original beneficiary was bound by it, and could not recover after the change, although she still held the original policy.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 102,272. Hon. Porter Parker, Judge.

Geo. J. Untereiner, for plaintiff and appellant.

F. B. Smith, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff claims of the defendant $500. She avers that she was married to Victor Marshall in 1900. That he became a member of the defendant corporation, which issued to him in 1904 an endowment policy of which she was the beneficiary; that he died in 1912, and that the defendant has refused to pay her.

The defense is that the policy mentioned in plaintiff's petition had ceased to exist since June 16, 1911, when Marshall changed his beneficiary, and another certificate or policy was issued in favor of Victoria Ramkin, his daughter, and that said change was made in accordance

with the laws, rules, and regulations of the defendant corporation.

The plaintiff replies that neither Marshall nor the corporation had any right to change the beneficiary because at the date of the original policy in her favor there was nothing in it, nor in the laws of the order, providing for a change of beneficiary.

The original policy in plaintiff's favor promises to pay her; "in accordance with the endowment laws governing this Grand Lodge and subject to such modifications made and to be made by the Grand Lodge Knights of Pythias, etc."

It was admitted that at the date of said policy there was nothing in the laws governing the Knights of Pythias conferring upon any member the right to change the beneficiary.

But in 1907 the following amendment was adopted to the endowment laws:

Article 2, Section 5, p. 42:

"A member of the order of Knights of Pythias may change the name of the beneficiary on his policy in accordance with the laws of the State of Louisiana without obtaining the consent of the beneficiary or beneficiaries named on the policy previously issued."

The contract between the Association and its members is to be found in the policy and in the constitution and the laws of the association. **109 Mo., 561.**

The provision in the policy making it subject to "such modification made and to be made by the Grand Lodge" was as much a part of the contract as any other part of the policy.

In the exercise of this reserved right we are of the opinion that the association had a right to adopt an

amendment authorizing a member to change the beneficiary, 48 A., 1203; 12 Pac., 1125; 31 Hun., 49; Alba vs. Ins. Co., 118 La., 1021.

And it is immaterial that the original beneficiary held the certificate, 109 Mo., 561, 70 Tex., 247; 110 Ind., 189; 28 Min.; 447; 60 Tex., 534; 111 Ind., 125.

Judgment affirmed.

Opinion and decree, February 25, 1914.

Rehearing refused, March 23, 1914.

Writ denied, April 28, 1914.