## WENTWORTH v. EQUITABLE LIFE ASSUR. SOC. et al.

No. 4260.   Decided July 15, 1925.   (238 P. 648.)

1. INSURANCE—PROVISIONS OF INSURANCE CONTRACT CONSTRUED UNDER LAWS OF THIS STATE. In view of Comp. Laws 1917, § 1170, provisions of a contract of insurance written in New York, but entered into with authorized agent of insurer living in this state, will be construed in accordance with law in force in this jurisdiction.

2. CONTRACTS—LAW NEVER REQUIRES THAT WHICH IS UNNECESSARY AND NEEDLESS TO BE DONE. The law never requires that to be done which is unnecessary or needless, and looks to substance rather than form of transactions.

3. INSURANCE—WHERE RIGHT TO CHANGE IS RESERVED BENEFICIARY'S RIGHTS ARE DEPENDENT UPON THE WILL OF THE INSURED. Where the right to change beneficiary in a policy of life is reserved, named beneficiary obtains merely an inchoate right, dependent entirely upon the will of the insured during his lifetime.

4. INSURANCE—APPLICATION OF INSURED HELD SUFFICIENT TO EFFECT CHANGE OF BENEFICIARY. Where insured reserved right to change beneficiary in life policy, and proper application for this purpose was made to insurer's agent, although death took place before receipt at insurer's home office and proper indorsement on policy to make such change effective, according to

requirement of policy, *held* that, the insured having done all
required of him, change of beneficiary was effected.[1]

5.  INSURANCE—PAYMENT OF PREMIUMS BY BENEFICIARY INSUFFICIENT
    TO CONFER LIEN ON PROCEEDS OF POLICY.  That designated bene-
    ficiary in policy of life paid premiums, except first one thereon,
    out of her own funds *held* insufficient, on change of beneficiary,
    to confer lien on proceeds of policy to extent of advances, where
    there was no evidence of agreement for such payments between
    insured and beneficiary.

Appeal from District Court, Third District, Summit Coun-
ty; *Ephraim Hanson,* Judge.

Action by Glenn C. Wentworth against the Equitable Life
Assurance Society, in which Mrs. Tuggle was impleaded as
a party and the original defendant dismissed from the ac-
tion.  From a judgment in favor of impleaded defendant,
plaintiff appeals.

REVERSED AND REMANDED, with directions.

*Shirley P. Jones,* of Salt Lake City, for appellant.

*W. T. Gunter,* of Salt Lake City, and *J. E. Johnson,* of
Park City, for respondent.

FRICK, J.

This is an appeal from a judgment of the district court of
Summit county.  The undisputed facts, briefly stated, are
that one Charles Edwin Wentworth, hereinafter called the
insured, on the 26th day of January, 1915, made applica-
tion for life insurance to The Equitable Life Assurance So-

[1] *Zenger* v. *Cigarmakers' Union,* 50 Utah, 390, 167 P. 1174;
*Sterling* v. *Lodge,* 28 Utah, 505, 80 P. 375, distinguished.

Headnote 1.  32 C. J. p. 980 (Anno.).
Headnote 2.  13 C. J. p. 523.
Headnote 3.  37 C. J. pp. 579, 580.
Headnote 4.  37 C. J. p. 585.
Headnote 5.  37 C. J. p. 580.

ciety of the United States, a New York corporation, herein-
after called the insurer, in the sum of $1,000; that said ap-
plication was made to the general agent of said insurer lo-
cated in Salt Lake City, Utah, who, in addition to being
designated the general agent or agency manager, was also
designated by the insurer as the person upon whom process
against it might be served pursuant to the statute of this
state; that said application contained the following state-
ment: "Make policy payable to Mrs. Chloe Tuggle, fiancée,
with the right of revocation"; that a policy was duly issued
to the insured, who paid the first quarterly premium there-
on; that, after the policy was received by the insured, he de-
livered the same to Mrs. Tuggle, at whose home he was board-
ing; that Mrs. Tuggle, without any agreement between her
and the insured, paid the subsequent premiums falling due
on the policy; that on the 21st day of December, 1918, the
insured executed the following application to change the
beneficiary's name in the policy, to wit:

"I, Charles Edwin Wentworth, the insured named in policy
No. 1948403, issued by the Equitable Life Assurance Society of the
United States, on February 16, 1915, for the sum of $1,000, hereby
request said Equitable Life Assurance Society to change the name
of the beneficiary from Chloe Tuggle, as at present written in said
policy, to Glen C. Wentworth, my son. Dated this the 21st day
of December, A. D. 1918."

The foregoing application was duly acknowledged before
a notary public. On the same day that the foregoing ap-
plication was executed the insured executed another applica-
tion to change the beneficiary named in the policy on one
of the insurer's blanks, which reads as follows:

"The Equitable Life Assurance Society of the United States—
Gentlemen: I hereby represent, for the purpose of inducing the said
society to make the following change, that there is no existing
assignment of my policy No. 1948403.

"I now elect, in accordance with the terms of the said policy,
to designate as a new beneficiary, without the right of revocation
reserved, and request the said society to make such designation
effective by an appropriate indorsement upon the said policy.

"(Name) Glen C. Wentworth.

"(Insert relationship to insured) My son.

"(Address) Park City, Utah.
"Return policy to (Name) Glen C. Wentworth.
"(Address) Park City, Utah.
  *        *        *        *        *        *
"Dated at Park City, Utah, Dec. 21, 1918.
"(Sign here in ink) Charles Edwin Wentworth.
"Signed in the presence of:   (Signature of witness who need not be a notary) Jennie D. Ware."

The first application to change the beneficiary was per-, sonally delivered to the general agent aforesaid of the insurer at Salt Lake City on the 23d day of December, 1918, and the second one was mailed at Park City, directed to said agent, on the 21st day of December, 1918; that said applications for change of beneficiary were by said agent forwarded to New York City on December 26, 1918, and were received by the insurer on December 30 or 31, 1918, and on the 31st the insurer indorsed on the policy the substituted beneficiary named in the applications aforesaid; that said insured died on the evening of December 27, 1918, at which time said policy was in full force; that said policy was obtained from Mrs. Tuggle by Mr. L. B. Wight, an attorney at law, upon the request of the insured on the day the change of beneficiary was made, and the same was, by Mrs. Tuggle, taken from the trunk of the insured where it was kept among other papers belonging to him; that after the death of the insured both Mrs. Tuggle, as the original beneficiary, and the plaintiff in this action, the son of the insured, as the substitute beneficiary, claimed the proceeds of the policy; that the insurer made a check payable to the order of both of them, which, however, neither one was willing to accept; that thereafter plaintiff instituted this action against the insurer, who paid the money into court, and asked that Mrs. Tuggle be impleaded; that Mrs. Tuggle was accordingly made a party to the action, and the insurer, having paid the money into court, asked to be dismissed from the action, which was done, and the action proceeded as between the two claimants, to wit, the plaintiff as the substituted beneficiary and Mrs. Tuggle as the original beneficiary named in the policy. The policy provided that the insurer "hereby in-

sures the life of Charles Edwin Wentworth and agrees to pay at its home office in the city of New York one thousand dollars to his fiancée, Chloe Tuggle, beneficiary, with the right on the part of the insured to change beneficiary,'' etc. The policy also contained this provision:

"Beneficiary. If the right to change the beneficiary has been reserved, and there is no written assignment on file with the Society, the insured may from time to time during its continuance, change the beneficiary or beneficiaries by a written request, upon the Society's blank, filed at its home office, but such change shall take effect only upon the endorsement of the same hereon by the Society."

We have a statute (Comp. Laws Utah 1917, § 1170) which reads as follows:

"Any insurance contract shall be deemed to be made in the state of Utah if made through an authorized agent of such insurance company within this state, irrespective of where the insurance contract may be written."

The foregoing section was in force when the insurance contract here in question was made. We refer to this for the reason that counsel for Mrs. Tuggle seem to rely on some of the decisions to which reference will hereinafter be made which are based on the New York statute which regulates the manner in which changes of beneficiaries shall become effective. In view that we are dealing with a Utah contract, therefore, we need only consider the terms of the contract of insurance as they appear from the application for insurance and the policy issued pursuant thereto. The restrictions, if any, that may be contained in the New York statute can be given no extraterritorial effect, and we must therefore construe the provisions of the contract of insurance in accordance with the law in force in this jurisdiction. The question that we must determine, therefore, is, Which one has the superior right to the proceeds of the policy, Mrs. Tuggle, the original beneficiary named in the policy, or plaintiff, the substituted beneficiary?

The plaintiff, in substance, contends that, inasmuch as the insured, his father, had the absolute right to make a change of beneficiary, and had fully complied with all of the condi-

tions required of him in the insurance contract to effectuate such a change, as a matter of both law and equity we must consider that to have been done which ought to have been done. In other words, that, although the change of beneficiary was not actually indorsed on the policy before the death of the insured, in view of the fact that the insured had complied with all of the requirements to effectuate a change, and had complied with those requirements at a time when the indorsement could have been made on the policy during the lifetime of the insured, and that such indorsement was in fact made, although after his death, as a matter of law the change of beneficiary was duly made. He further insists that, inasmuch as the indorsement on the policy was merely a ministerial act, and that it was entirely for the benefit of the insurer, and that the change of beneficiary was actually effected without such indorsement, Mrs. Tuggle cannot avail herself of the insurer's failure in not making the indorsement before the death of the insured occurred. Upon the other hand, Mrs. Tuggle insists that, inasmuch as the change of beneficiary did not become effective until it was indorsed on the policy, no change was effectuated in this case, and, further, that her rights became vested on the death of the insured, and that the insurer could not waive any act which would affect her rights.

Both sides have cited numerous authorities in support of their respective contentions. We shall first consider plaintiff's contentions and the authorities cited by him.

Among the cases cited by plaintiff are the following: *Manning* v. *A. O. U. W.*, 86 Ky. 139, 5 S. W. 386, 9 Am. St. Rep. 270; *Waring* v. *Wilcox*, 8 Cal. App. 317, 96 P. 910; *McEwen* v. *New York Life Ins. Co.*, 23 Cal. App. 694, 139 P. 242; *Splawn* v. *Chew*, 60 Tex. 532; *Brown* v. *Grand Lodge A. O. U. W.*, 80 Iowa, 287, 45 N. W. 884, 20 Am. St. Rep. 420; *Fisk* v. *Equitable Aid Union* (*Pa.*) 11 A. 84; *Jory* v. *Supreme Council, etc.*, 105 Cal. 20, 38 P. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17; *Supreme Conclave Royal Adelphia* v. *Cappella* (C. C.) 41 F. 1; *Luhrs* v. *Luhrs*, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754; *Pennsyl-*

*vania R. Co.* v. *Wolfe,* 203 Pa. 269, 52 A. 247; *John Hancock Mut. Life Ins. Co.* v. *White,* 20 R. I. 457, 40 A. 5; *Heydorf* v. *Conrack,* 7 Kan. App. 202, 52 P. 700; *McGowan* v. *Supreme C. I. O. F.,* 104 Wis. 173, 80 N. W. 603; *Waldum* v. *Homstad,* 119 Wis. 312, 96 N. W. 806; *Zenger* v. *Cigarmakers' Union,* 50 Utah, 390, 167 P. 1174; 29 Cyc. 133.

The rule that is followed by the majority of the courts and the reasons upon which the rule is based are so well and so clearly stated by the Kentucky Court of Appeals in *Manning* v. *A. O. U. W.,* supra, that I feel constrained to quote somewhat copiously from the decision in that case. The court, after holding that, unless the right to change the beneficiary is given either by statute or in the contract of insurance, no change can be made without the consent of the beneficiary so as to affect the latter since the right to the proceeds of the policy becomes vested in him at the death of the insured, in the opinion proceeds:

"The appellant had but a contingent right to the benefit—not a vested and absolute one. It was subject to be defeated at the will of the assured. The law of the order, above cited, provides how this shall be done. The regulation is a reasonable one, but the question arises whether it shall govern, as between claimants to the benefit, if the order has seen fit to waive it. We think not. Its object beyond doubt was to prevent the appellee from becoming involved in litigation with outside claimants. Upon this idea it was held in the case of the *National Mutual Aid Society* v. *Lupold,* 101 Pa. St. 111, where the certificate provided, 'this certificate may be assigned and transferred only by and with the consent of the association endorsed thereon,' and it was done without such approval, that it was a part of the contract, and the society had a right to insist upon the protection which it was intended to afford.

"The direction by the insured to change the benefit was, in the case now under consideration, given through the proper channel. The subordinate lodge referred it to the proper authority, and it saw fit to waive the regulations intended for its benefit, and comply with the direction, although made in an informal manner and without the payment of the fee. The intention of the assured was to change the benefit. He so directed in writing; and now, because he did not do so in the formal manner prescribed by the law for the benefit of the order, it is asked by a third party, whose interest in the insurance was liable to end at

any time at the will of the assured, that his intention shall be defeated, although the party for whose benefit the form was prescribed has seen proper to waive it. Such a rule would sacrifice substantial justice to mere form. It would tend to defeat the benevolent aim and purpose of the organization, and the desire and intention of the assured."

In *Waring* v. *Wilcox*, supra, the decision, so far as applicable to the question now under consideration, is clearly reflected in the first two headnotes, which read:

"The intention of insured as to who should be the beneficiary, being ascertained, must be given effect, where it does not contravene public policy or any statute.

"Where the right to change the beneficiary is reserved in the policy, the beneficiary has no vested interest, and another may be substituted at the instance of the insured."

*Splawn* v. *Chew*, supra, is one of the leading cases upon the question. It is there held that, in case the right to make a change of beneficiary is not reserved, a change cannot be made without the consent of the beneficiary. Where, however, the right is reserved, then the beneficiary named in the policy acquires no vested right, and a change may be made without his consent or his knowledge. It is further held that, while the method provided by the insurer to effectuate a change must ordinarily be followed with reasonable strictness, yet the insurer may waive a strict compliance with the manner of effectuating the change, and, if the insurer waives a strict compliance, the original beneficiary cannot complain of such waiver.

In *Jory* v. *Supreme Council, etc.*, supra, the insured made a change of beneficiary. In effecting the change he, however, failed to comply strictly with the prescribed manner of effecting the change. After the death of the insured, both the original beneficiary and the substituted one claimed the proceeds of the policy. The insurer paid the money into court, and took no part in the proceedings. It was held that the insurer had waived a strict compliance with the manner of effecting the change of beneficiary, and hence the only question for consideration was whether the equitable rule should be invoked that, where the insured had done all within his

power to effect a change of beneficiary, the court would consider that done which ought to have been done. The court accordingly held that, in view that the insured had done all that was within his power to do to effect a change of beneficiary, the change would be deemed effected and the substituted beneficiary entitled to the proceeds of the policy.

In *Supreme Conclave, Royal Adelphia* v. *Cappella*, supra, the court states the rule respecting a change of beneficiary. It is there held that, while the rule requires that, in order to effect a change of beneficiary, it is necessary to comply with reasonable strictness with the mode or manner that is prescribed by the insurer to effect a change, yet it is also held that there are well-recognized exceptions to the general rule, one of which exceptions is stated thus:

"If the insured has pursued the course pointed out by the laws of the association [the insurer] and has done all in his power to change the beneficiary, but, before the new certificate is actually issued he dies, a court of equity will assume that to be done which ought to be done, and act as though the certificate had been issued."

The foregoing exception is frequently referred to by both the text-writers and the courts, and, so far as the writer is informed, has never been questioned, but has frequently been approved.

In *McGowan* v. *Supreme C. I. O. F.*, and in *Waldum* v. *Homstad*, supra, the Supreme Court of Wisconsin held that the exception just referred to would be enforced in actions of both law and equity. In the last case cited the court said:

"This court has recently held that, where the insured has done every substantial act required of him, and dies before the new certificate is actually issued, and only formal acts on the part of the association [the insurer] remain to be performed, the change will be considered to have been made, even in an action at law," citing a number of cases.

In *John Hancock Mut. Life Ins. Co.* v. *White*, supra, it is held (I quote from the headnote):

"The insured in a policy of life insurance had reserved the right to change the beneficiary, with the consent of the company. Having exercised this right and forwarded the appropriate paper to the company's office, she died before the company had con-

sented or refused to consent to the change, the delay being due to
the neglect of the company. *Held*, that the new beneficiary was
entitled to the fund."

A careful reading of the opinion will disclose, however,
that the decision is based upon the fact that the insured had
done all that was within her power to do to effect the change
of beneficiary, and not upon the negligence of the company.
Indeed, the decision goes to the extent that, in case the in-
surer does not object to the change his failure to act timely
does not affect the case one way or the other.

In *Heydorf* v. *Conrack,* supra, the Supreme Court of Kan-
sas held that, in case the insured did all that he was required
to do to effect a change of beneficiary, but died before the
change was actually effected, equity will order the proceeds
of the policy paid to the substituted beneficiary as though the
change had been fully effectuated.

In 29 Cyc. 134, the rule applicable to cases like the one at
bar is stated thus: "And (3) where the member has done
all that he is required to do, and only formal ministerial acts
on the part of the society remain to be done in order to com-
plete the change, and the member dies before performance
thereof," under such circumstances the substituted benefi-
ciary will prevail.

I shall not pause to quote further from the cases upon
this branch of the controversy. It must suffice to say that
in all of them the doctrine announced in the foregoing ex-
cerpts is recognized and approved. It should also be noted
that, while many of the foregoing cases are cases affecting
benefit certificates issued by beneficial societies, yet, in case
the right is reserved to make a change of beneficiary, the
same rules apply to old line insurance that apply to certifi-
cates issued by beneficial societies.

I shall now proceed to a consideration of the cases cited by
counsel for Mrs. Tuggle. In referring to the cases relied on
by her I shall pursue the same course followed in citing
plaintiff's cases, namely, refer to such only as have a direct
bearing upon the question under consideration.

Among the cases relied on by counsel are the following:

*Knights of Maccabees, etc.,* v. *Sackett,* 34 Mont. 357, 86 P.
423, 115 Am. St. Rep. 532; *Fink* v. *Fink,* 171 N. Y. 616, 64
N. E. 506; *Freund* v. *Freund,* 218 Ill. 189, 75 N. E. 925, 109
Am. St. Rep. 283; *Modern Woodmen* v. *Headle,* 88 Vt. 37, 90
A. 893, L. R. A. 1915A, 580; *Mutual B. L. Ins. Co.* v. *Swett,*
222 F. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298; *Deal* v.
*Deal,* 87 S. C. 395, 69 S. E. 886, Ann. Cas. 1912B, 1142;
*Thomas* v. *Thomas,* 131 N. Y. 205, 30 N. E. 61, 27 Am. St.
Rep. 582; *Wendt, Adm'r,* v. *Iowa Legion of Honor,* 72 Iowa,
682, 34 N. W. 470; *Sterling* v. *Lodge,* 28 Utah, 505, 80 P.
375.

In *Knights of Maccabees, etc.,* v. *Sackett,* supra, the Su-
preme Court of Montana enforced the rule that in effecting
a change of beneficiaries the insured must comply with the
requirements imposed by the insurer or no change will be
effected. It is there held that, where an application for a
change of beneficiary is sent by mail, and is not delivered
until six hours after the death of the insured, it is too late
and without effect. It is further held that the insured can-
not waive a strict compliance with the requirements to effect
a change of beneficiary after the death of the insured. To
the same effect is *Fink* v. *Fink,* supra. It should, however,
be stated that, while in both of the foregoing cases the excep-
tion to the general rule of a strict compliance with the re-
quirements of the insurer to effect a change of beneficiary is
recognized, it is held that the facts in those cases did not
bring them within any of the exceptions to the general rule.
It should also be stated that the facts in those cases are differ-
ent from those in the case at bar.

*Freund* v. *Freund,* supra, decided by the Supreme Court
of Illinois, is based entirely upon the provisions of the New
York statute, which in effect provides that a change of bene-
ficiary can be effected only with the consent of the insurer.
It is accordingly held that, unless the change is completed
and the consent is obtained while the insured is still alive, it
is of no avail.

In *Modern Woodmen* v. *Headle,* supra, the laws of the
association provided that any attempt to effect a change of

beneficiary except in the manner provided by the laws of the association "shall be null and void." In that case a change was attempted without complying with the laws of the association, and it was held that the attempt was fruitless.

In *Mutual B. L. Ins. Co.* v. *Swett,* supra, both the rule and the exceptions are recognized and correctly stated. In that case the husband's policy was made payable to his wife as beneficiary. In the policy the right to assign the same was reserved. The husband assigned the policy to a bank to secure a bona fide indebtedness. When the husband died, both the wife and the bank claimed the proceeds of the policy—his wife as the beneficiary named in the policy, and the bank as assignee of the husband. The court held that the rights of the bank were superior to those of the wife. The decision is based upon the assumption that, in view that it was provided in the policy that the husband had the right to change the beneficiary and also had the right to assign the same, the wife acquired no vested interest in the policy, but that all of her rights were dependent on the will of the husband, and, in view that he had assigned the policy for a valuable consideration the assignee's rights were superior to the rights of the wife.

In *Deal* v. *Deal*, supra, the beneficiary was attempted to be changed by making an assignment of the policy to a new beneficiary. It was held that, in view that it was attempted to change the beneficiary by an assignment instead of by complying with the provisions governing the change of beneficiary, the assignment in that case did not affect the rights of the beneficiary named in the policy.

In *Thomas* v. *Thomas,* supra, the husband had named his daughter as beneficiary in the policy. He afterwards, on his own initiative, also inserted the name of his wife therein. It was held that no change of beneficiary was effected.

In *Wendt, Adm'r,* v. *Iowa Legion, etc.,* supra, there was not even an attempt to comply with the requirements of the insurer to effect a change of beneficiary. It was held that no change was effected.

In *Sterling* v. *Lodge*, supra, decided by this court, it was held that the beneficiary could not recover, for the reason that the benefit certificate had lapsed, and for the further reason that the insured was not a member in good standing of the order at the time of his death. While something is said in the course of the opinion concerning the necessity of complying with the laws of the insurer in effecting a change of beneficiary, yet the case did not turn upon that proposition. That case, therefore, can have no controlling influence upon the question involved in the case at bar.

In passing from the question now under consideration, I desire to state that in the cases last referred to there are many expressions to the effect that in order to effectuate a change of beneficiary it is necessary that the indorsement of the substituted beneficiary be made on the policy during the lifetime of the insured. It is, however, only fair to remind the reader that those expressions must be read and considered in the light of the facts that controlled in those cases and that the courts that so held felt constrained to require a strict compliance with the statute or insurance contract in order to effectuate a change of bene-          2, 3
ficiary. In passing upon questions of this character it should always be kept in mind that the law looks to the substance rather than to the form of transactions; further, that the law never requires that to be done which is unnecessary or needless. In this case, therefore, it is of the utmost importance to remember that the insured did all that was required of him and all that was within his power to do to effectuate a change of beneficiary; that all that was left for the insurer to do was merely for its benefit and for the sole purpose of making a record of the existing facts; that the insurer's act did not effectuate the change, but it was merely the making of a record that a change had been made. In other words, in making the indorsement the insurer merely recorded the evidence of the change. While the insurer could have insisted upon a strict compliance with its condition, it also had the right to waive such strict compliance where such waiver did not invade the legal rights of others. It

should also be noted in this connection, and the cases cited by both sides agree upon the proposition, that, where the right to change the beneficiary is reserved by the insured, the beneficiary named in the policy obtains merely an inchoate right dependent entirely upon the will of the insured during his lifetime.    After making careful examina-    4 tion of the decided cases, and noting the various reasons advanced by the courts in support of the conclusions reached by them, I am much impressed with the importance of at least adopting a reasonable, practical, and a workable rule in effecting a change of beneficiary.    It is a cardinal principle of law that those who have the legal right to dispose of their property or property rights should, so far as possible, be protected in the exercise of that right and that it is the duty of the courts to enforce the manifest intention of the insured in choosing a beneficiary rather than to frustrate that intention by nice and unsubstantial distinctions, and, in case he has reserved the right to make a change, that his judgment should prevail, if lawful, and if no legal prejudice results to another.    A good and sufficient cause for making a change of beneficiary may arise at any time. Where, therefore, a good cause exists, and the insured must be the sole judge in that regard, I can conceive of no good reason why the exceptions to the general rule, as I have attempted to outline them from the authorities, should not prevail.    It is my deliberate judgment, therefore, that, in view of the conceded facts in this case, the exception to the general rule applies with full force, and that the change of beneficiary in this case as a matter of both law and equity became effective before the death of the insured, and for that reason the plaintiff should recover.

It is, however, insisted by counsel for Mrs. Tuggle that, in view that she paid the premiums on the policy, for that reason she should prevail; and, further, that at least it should be declared that she have a lien on the proceeds of the policy for the amount of the premiums advanced by her. Counsel for plaintiff, however, insist that the evidence is insufficient to sustain the court's finding that Mrs. Tuggle paid

the premiums out of her own funds. We shall, however, assume that Mrs. Tuggle paid the quarterly premiums on the policy. In view of that the writer, if he had the power to do so, would feel inclined to give her a lien on the proceeds of the policy to the extent of her advances. The question in that regard is considered in the annotator's notes to the case of *Columbian Circle* v. *Mudra*, 18 A. L. R. at page 392, where it is said:

"It appears well settled that the mere voluntary payment of assessments upon a benefit certificate by the beneficiary named therein, without any agreement with the member to do so, will not deprive the latter of the right to change beneficiaries, or entitle the beneficiary originally named, to the insurance fund as against a subsequent beneficiary named by the member in accordance with the rules of the association," citing a large number of cases from various jurisdictions.

In *Fisk* v. *Equitable Aid Union*, supra, after passing upon the question now being considered, the court said:

"Notwithstanding the fact that the certificate was delivered to plaintiff [the husband of the insured], and the assessments thereon were paid by him, his wife had the right, on presenting it to the supreme secretary, to apply for and effect a change in designation of the beneficiary named therein."

To the same effect is *Jory* v. *Supreme Council, etc.*, supra.

In *Spengler* v. *Spengler*, 65 N. J. Eq. 176, 55 A. 285, it is, however, expressly held that, in the absence of an agreement to that effect, the original beneficiary is not entitled to a refund of the premiums she had paid during the time she was the named beneficiary in the certificate of insurance. To the same effect is *Supreme Council, etc.*, v. *Behrend*, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966.

It is not necessary to refer further to the numerous cases cited in support of the excerpt I have quoted from 18 A. L. R. supra.

Counsel for Mrs. Tuggle, however, cites *Morgan* v. *Mutual Ben. L. Ins. Co.*, 132 App. Div. 455, 116 N. Y. S. 989, affirmed in 197 N. Y. 607, 91 N. E. 1117. A mere cursory reading of that case, however, shows that the policy was assigned for

the purpose of securing the payment of the premiums which had been advanced on the policy.

If, therefore, there had been a mere verbal agreement or' informal understanding between the insured and Mrs. Tuggle that she should have a lien on the policy for the premiums advanced by her, or that she should be repaid from such proceeds, it would furnish at least some basis upon which to rest an order or judgment that Mrs. Tuggle be paid the amount of the premiums advanced by her out of the proceeds of the policy. There is, however, not a word of evidence from which any agreement, either express or implied, can be inferred, and hence we are powerless to grant relief. If Mrs. Tuggle, as is held by all the courts where the right to change the beneficiary is reserved, took the policy conditioned upon the right of the insured to make a change of beneficiary, then, as matter of law, she was entirely dependent upon and subject to his will. He could make a change any time he deemed it proper to do so without her consent and without her knowledge. Upon the other hand, it imposed no hardship upon her in case she felt disposed to advance the premiums to at least obtain a promise from the insured that she should be repaid the amount of the premiums advanced by her. Not having done so, she must have recourse upon the estate of the insured for repayment.

From what has been said it follows that the judgment should be and it accordingly is reversed. In view that this case has already been tried twice, and no good could be accomplished by another trial, it is remanded to the district court of Summit county, with directions to set aside its conclusions of law in favor of Mrs. Tuggle and to substitute others in harmony with the views herein expressed and to enter judgment in favor of plaintiff. Plaintiff to recover costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.