JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *vs.*
JOHN J. WHITE, Administrator, *et al.*

PROVIDENCE—APRIL 8, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The assured in a policy of life insurance had reserved the right to change the beneficiary, with the consent of the company. Having exercised this right,

and forwarded the appropriate paper to the company's office, she died before the company had consented or refused to consent to the change, the delay being due to the neglect of the company :—

*Held*, that the new beneficiary was entitled to the fund.

*Held*, further, that the company having filed its bill of interpleader and thereby offering to pay the fund as directed by the court, was estopped from setting up the claim that it had not consented to the change.

*Held*, further, that no one else could urge the lack of consent in the name of the company.

BILL OF INTERPLEADER to determine the title to the proceeds of a policy of life insurance.

MATTESON, C. J.    This is a bill of interpleader in which a decree has been entered requiring the respondents to interplead.

The policy of insurance, as originally issued, was made payable to the estate of the assured. The application for the policy, however, reserved the right of the assured, with the consent of the company, to change the beneficiary. In pursuance of this right the assured executed a beneficiary slip, as it is called, by which the policy was made payable to the respondent, Margaret Dyer. The consideration for the change between the assured and Mrs. Dyer was that the latter should pay the funeral expenses of the assured, the debts which she owed at her decease, and should retain the residue of the proceeds of the policy as compensation for her care and nursing of the assured during her last illness. This slip was taken to the superintendent of the company in Providence, and by him transmitted to the home office of the company for the consent of the company to the change. Instead of notifying the superintendent of the company in Providence, through whom the beneficiary slip had been transmitted to the home office, that the company did or did not consent to the change, the clerk of the company in the home office sent the slip to the agent of the company in Woonsocket, at whose office the premiums on the policy had been paid, with direction to make inquiry whether the father of the assured was dead—information already possessed by the company. The slip remained in the desk of the agent at Woonsocket for a considerable period, and was then sent by him to the super-

intendent in Providence, by whom it had been originally sent to the home office. In the meantime the assured had died. The superintendent in Providence returned the slip to the home office of the company. No change in the beneficiary has been recorded on the books of the company. In this state of facts the amount of the policy, which is the fund in suit, is claimed by the administrator of the assured and by Mrs. Dyer, in whose favor the beneficiary slip was executed.

We think the latter is entitled to the fund. The assured had done everything that was necessary on her part to change the beneficiary under the policy. That a change was not made was due to the neglect of the company. The provision for the consent of the company to the change was solely for its protection, and therefore one on which it alone can insist. By filing its bill that the respondents interplead, and thereby offering to pay the fund as the court shall determine, it has waived its right to say that it did not consent, and no one else can urge the lack of its consent in its name. *Manning* v. *Ancient Order of United Workmen*, 5 S. W. Rep. Ky. 385 ; *Titsworth* v. *Titsworth*, 40 Kans. 571.

But if this were not so, we think that the delay of the company after the receipt of the slip to act upon it, thereby leading the assured and the respondent, Mrs. Dyer, to suppose that it had consented to the change, and to continue the agreement which existed between them with reference to care and nursing of the assured, would estop the company from setting up the claim that it had not consented.

*Edwin D. McGuinness and John Doran*, for complainant.

*Edward DeV. O'Connor and John J. Dockry*, for the several respondents.