# JOHN BORCHERS, JR., Administrator, Appellant, v. HENRY N. BARCKERS et al., Respondents.

**St. Louis Court of Appeals. Submitted on Briefs May 1, 1911. Opinion Filed June 6, 1911.**

1. **BILL OF INTERPLEADER: Life Insurance: Adverse Claimants for Fund: Trial Practice.** Where there are two claimants for a fund, which, by mutual consent, is deposited with a bailee to await determination by the court as to who is the owner, a suit by one of such claimants against the other claimant and the bailee, to determine the ownership, is really a case of interpleader and is distinctly one that should be tried as in equity.

2. **EQUITY: Referring Issues to Jury.** In an equity case, it is within the power of the court to take the opinion of a jury on any issue of fact, but the court is not bound thereby.

3. **BILL OF INTERPLEADER: Failure to Establish Case: Right to Take Nonsuit.** Where a fund was, by consent of the parties, deposited with a third party, to await determination by the court as to who was its owner, and one of the claimants brought suit for it against the other claimant and the bailee, and, at the trial, plaintiff failed to establish his right to the fund, the court should not have allowed him to take an involuntary nonsuit, upon instructions being given which were preclusive of a recovery by him, but should have dismissed his suit and disposed of the fund, which was before the court, as in interpleader.

4. **LIFE INSURANCE: Assignment of Policy: Mental Incapacity: Undue Influence: Sufficiency of Evidence.** In an action to determine the ownership of the proceeds of a life insurance policy, where defendant, who was a son of insured, alleged title under and by virtue of an assignment of the policy to him by insured, and plaintiff's reply averred the assignment, if made, was procured by undue influence on the part of defendant, and that insured did not possess sufficient mental capacity to execute it, *held*, the evidence was not sufficient to warrant a finding either that defendant exercised undue influence or that insured did not have sufficient mental capacity to execute the assignment.

5. **WITNESSES: Disqualification: Party to Contract Dead.** On an issue as to the validity of an assignment of a life insurance policy, a notary public, who took the acknowledgment of the assignor, since deceased, to the assignment, witnessed it, and

saw its delivery to the assignee, but who was the agent of neither, was not disqualified as a witness by section 6354, Revised Statutes 1909, providing that no person shall be disqualified to testify by reason of interest, as a party or otherwise, except that a party to the transaction shall not testify where the other party is dead.

6.° **LIFE INSURANCE: Validity of Assignment: Failure to Secure Consent of Insurer: Waiver.** Where an insurance company paid over the proceeds of a policy which had been assigned and claimed no benefit under a provision of the policy requiring its assent to the validity of an assignment, it thereby waived the failure to secure its assent to the assignment, and such assignment was not, for that reason, invalid as to another claimant of the fund.

7. **EVIDENCE: Exclusion: Indefinite Question.** An objection to a question propounded to a witness, "What did you hear your father talk about when you met?" was properly sustained, for the reason it was indefinite in locating the time and place of the conversation.

8. ————: ————: **Cumulative Evidence.** It is not error to refuse to require a witness to answer further questions concerning a subject fully gone over.

9. **BILL OF INTERPLEADER: Distribution of Fund: Interest.** In an action in the nature of interpleader to determine the ownership of the proceeds of a policy, which came into plaintiff's hands as administrator, pending suit, plaintiff having taken a nonsuit, the court properly rendered judgment that defendant was entitled to the fund and interest from the date plaintiff received it.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*Collins & Chappell* for appellant.

(1)   The trial court erred in giving defendants' peremptory instruction.   (2)   The court below erred in permitting the witness H. A. Loevy, to testify. Donnell v. Jung, 81 Mo. App. 511; Waltemar v. Schnick, 102 Mo. App. 133; Green v. Building Co., 196 Mo. 358. (3)   The court below erred in admitting in evidence the said assignment, for the reason, that under the

terms of the policy, it had not received the assent of
the association. (4) The case at bar was properly
triable by a jury. Under the statutes of the State of
Missouri, the former distinctions between actions at
law and suits in equity are abolished. There is (R. S.
of Mo. 1909, sec. 1727) but one form of action denomi-
nated a civil action. A trial (R. S. of Mo. 1909, sec.
1967) is the judicial examination of the issues between
the parties, whether they be issues of law or of fact.
An issue of fact (R. S. of Mo. 1909, sec. 1968) in an
action for the recovery of money only or of specific
real or personal property, must be tried by a jury.
This was an action for the recovery of money only, or
at most for the recovery of specific personal property,
to-wit: the proceeds of the insurance policy. This
was in no sense a suit in equity, and even if it was,
being a suit for the recovery of money only or spe-
cific personal property, the issues of fact involved
were triable by a jury.

*H. A. Loevy* for respondent.

(1) The legal test is the capacity of the grantor
to understand the nature and effect of the transaction.
Cuttler v. Zollinger, 117 Mo. 92; Parsons on Contracts
(7 Ed.), 383; McKissock v. Groom, 148 Mo. 459; Chad-
well v. Reed, 198 Mo. 382. (2) The law requires
something more definite and tangible than mere in-
definite generalities to destroy or overbalance the pre-
sumption of capacity. McFadden v. Catron, 138 Mo.
197; Doherty v. Gilmore, 136 Mo. 421; Giboney v. Fos-
ter, 230 Mo. 106. (3) The notary was a competent
witness. Borchers v. Barckers, 143 Mo. App. 83. (4)
This point is that the court erred in admitting the
assignment because forsooth the insurance company
had not consented to the assignment. The company
could, if sued on the policy, have made this objection.
Appellant certainly cannot. This provision was
wholly for the company's benefit and it could and did

waive it.  (5)  The court did not err in sustaining objection to the question, "What did you hear your father talk about when you met?"  Lower v. Coal Co., 142 Mo. 353.  (6)  The case was one in equity.  Blood v. Woodmen, 140 Mo. App. 542; Duke v. Duke, 93 Mo. App. 251.

REYNOLDS, P. J.—This is the second appeal of this case to this court; as it was here before and is reported 143 Mo. App. 72, it was on the appeal of defendant Henry N. Barckers; now it is here on the appeal of plaintiff.  It was reversed by this court for error in an instruction on undue influence, this court holding that there was no evidence of undue influence in the case.  The facts and issues are so fully set out in the report of the case when before us on the first appeal that it is unnecessary to repeat them.  The cause was then remanded because it was thought by the court that on careful examination of the testimony, there was evidence, although slight, tending to show a weakened mental condition in deceased and that this question of mental capacity should have been submitted to the jury under the facts then in evidence.  On this second trial, the evidence of one of the witnesses for plaintiff, Dr. Martin, a physician, which on the first trial we especially referred to as tending to prove lack of mental capacity on the day the assignment of the policy was made, which was the day the deceased died and when he had lapsed into a semiconscious condition, was not introduced.  With that exception the testimony of the other witnesses was substantially as before, except that the testimony of the other witnesses, that of the sisters, daughters of the deceased, bearing on the mental capacity of their father, is hardly consistent with that given on the former trial, and certainly is no more persuasive.  Neither lived with him; neither was present when he made the assignment; the doctor, who was there present, did not

testify at this trial and Mr. Loevy, who was present as notary and took the acknowledgment, testified as to the fact of the acknowledgment and the acts of the father. The court again tried this case with the aid of a jury. As we held before, this is really a case of interpleader and distinctly one that should have been tried as in equity. In such cases it is not error and is within the power of the court, to take the opinion of the jury on any issue of fact, but he is not bound by the finding the jury may make. [Blood v. Sovereign Camp Woodmen of the World, 140 Mo. App. 526, 120 S. W. 700.] It was also within the power of the court, by instructions which it gave, to direct a verdict, which, in effect, was what was done here, for at the conclusion of all the testimony, the court, at the instance of plaintiff, gave two instructions. First, that there is no evidence in the case that at the time John Borchers signed his name to the assignment of the policy read in evidence, he did not have legal capacity to sign the same. Second, that there is no evidence in this case that at the time John Borchers signed his name to the assignment of the policy read in evidence, that he did so through the undue and improper influence of Henry N. Barckers, one of the claimants herein, or any other person. Upon the court giving these instructions, plaintiff took a nonsuit with leave to move to set it aside, and the jury was thereupon discharged from further consideration of the case, plaintiff excepting to this. Treating this as a suit in equity this was an entirely novel and unwarranted proceeding. All that should have been done was to have dismissed plaintiff's suit, and the fund being before the court, as in interpleader, to have disposed of that fund. But upon plaintiff taking a nonsuit with leave, the court entered up judgment that plaintiff take nothing by his suit and further adjudged that the sum of $650.30, in the hands of the Missouri Lincoln Trust Company, was at the time this suit was brought, the property of defend-

ant Henry N. Barckers, and it appearing to the court that pending the termination of this suit that sum had been paid by the Trust Company, under execution herein issued, to the sheriff and turned over by the sheriff on or about June 29, 1909, to plaintiff as administrator, the court ordered that that sum, with interest thereon at the rate of six per cent per annum from June 29, 1908, to date, being the sum of $72.81 and aggregating $723, "be paid by plaintiff administrator to the said Henry N. Barckers or his attorney of record, and it is further considered and adjudged that defendant, Missouri Lincoln Trust Company, go hence without day, and that it and said defendant Barckers recover their costs herein lawfully expended, said costs to be taxed against and paid out of said estate." A motion for new trial was interposed as also one in arrest, both of which were overruled, exceptions saved and plaintiff perfected appeal to this court. It is to be said in explanation of this judgment of the court, that when the case was formerly appealed, defendant was unable to give bond, whereupon execution issued and it was under that that the Trust Company had paid the money over to the sheriff and the sheriff had paid it to plaintiff administrator. These facts were conceded. As before remarked the facts of the case are fully set out in the report, 143 Mo. App. 72.

Counsel for appellant on this appeal assign these errors: First, that the court erred in giving defendant's peremptory instruction. Second, in permitting the witness H. A. Loevy to testify. Third, the court erred in admitting in evidence the assignment for the reason that under the terms of the policy it had not received the assent of the association. Fourth, error in excluding evidence offered by plaintiff. Fifth, that the case at bar was properly triable by a jury. Sixth, that the trial court erred in entering up judgment after having dismissed the jury, without submitting to the jury the right of plaintiff to recover.

Taking these up in their order and following the theory of counsel for appellant, that this is an action at law, we find no error in the action of the court in giving the instructions referred to. There was no evidence in the case on this trial, of either mental incapacity, nor of the exercise of undue influence. As to this latter, there was no more, if as much introduced on that issue by the plaintiff at this trial than given at the former one, and we then held that there was no evidence of undue influence in the record.

In the second trial of the case, the evidence as to the lack of mental capacity was entirely lacking in probative force and was not even as strong as that formerly given. The strongest evidence, in fact the only evidence of the only absolutely disinterested witness, the physician, as to lack of mental capacity, which was present in the former trial was not here at all. It was chiefly on that evidence present that we then remanded the case. We have read all the evidence as now presented and have no hesitation in saying that it was not sufficient to warrant a jury in finding lack of mental capacity.

The second assignment of error as to the admission of the testimony of Mr. Loevy is without any merit whatever. He was neither a party to the assignment nor acting as agent for any party in its procurement; he was present, not as agent for defendants but as a notary public; he took the acknowledgment of John Borchers, Sr., to the assignment, witnessed it and saw John Borchers deliver it to his son Henry. It is true that this assignment is in issue and its validity a question in the case, but it is not true that Mr. Loevy was a party to the negotiation of the assignment in such a sense or in such a capacity as to disqualify him as a witness under the provisions of 6354, Revised Statutes 1909; if he was the agent of any one, he was the agent of the deceased. We passed on the question of

Mr. Loevy's capacity as a witness when this case was here before and it is a closed point in this case.

The third proposition made, that in admitting in evidence the assignment for the reason that under the terms of the policy he had not received the assent of the association, was made when the case was first before us and we then determined it adversely to plaintiff. Assent to the assignment was for the benefit of the insurance association; it waived that by paying the fund over to the Trust Company with the assent of plaintiff and consent of defendants. So that the insurance association, without claiming the benefit of this claim, when it paid the amount agreed to be due on the policy into the hands of the Trust Company, was no longer concerned with that right of assent it had reserved. This point is held against appellant.

We have examined the evidence to which our attention has been called by counsel for appellant and which it is claimed had been improperly excluded by the court. The specific question on which error to its exclusion is assigned is: "What did you hear your father talk about when you met?" That was not only indefinite for lack of locating the conversation as to time and place but it was asked of a witness who had already gone over and over all the conversations which she claimed to have had with her father touching this matter. The other evidence in which this assignment applies was at most mere repetition of that given by the witnesses.

We have already disposed of the fifth error assigned. We do not think that this is a case triable by a jury. It was, no matter what its form, an interpleader and triable as in equity.

The sixth error assigned, as to entering up judgment after the court had dismissed the jury, without submitting to it the right of plaintiff to recover, is untenable. When plaintiff took a nonsuit or practically dismissed his suit, the fund which had come into

the hands of plaintiff pending the suit, was subject to the disposal of the court. There was nothing for the jury to pass upon; one or the other party was entitled to it. As the court held that plaintiff was not entitled to it, then beyond all question defendant was; for neither the Trust Company nor the insurance company, nor any one else, made any claim to it. It was in the custody of the plaintiff, as administrator, and had come into his hands pending this suit and the court found he was not entitled to it. There was no question whatever as to its amount or as to when it had been recived by plaintiff, and the court, with perfect propriety, added to the principal, interest from the date it went to plaintiff, rendered judgment for the amount and directed its payment to defendants. There was no error whatever in this.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.