## AMERICAN NAT. INS. CO. v. BURNSIDE.
### (No. 7326.)

(Court of Civil Appeals of Texas. Dallas. March 27, 1915.)

**1. INSURANCE ☞639—ACTION ON POLICY—PLEADING—DEFENSES.**

In an action on a policy of life insurance, it was not necessary that the petition affirmatively allege that the insured was in sound health when the policy was issued, as required by its conditions, as that, at most, constituted a defense.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1593, 1598; Dec. Dig. ☞ 639.]

**2. INSURANCE ☞390—LIFE INSURANCE POLICY—DEFENSES—NOTICE.**

An insurer which did not within the 90 days allowed by Vernon's Sayles' St. 1914, art. 4948, give notice that it would not be bound by the contract, thereby lost any right to defend on the ground of misrepresentations made in the application for, or in obtaining, the policy.

[Ed. Note.—For other cases, see ·Insurance, Cent. Dig. §§ 1037, 1038; Dec. Dig. ☞390.]

**3. PLEADING ☞236 — DISCRETION OF TRIAL COURT—ALLOWANCE OF AMENDMENT.**

There was no error in permitting plaintiff at the trial to state what he intended to include in a proposed trial amendment, to be afterwards reduced to writing, where it did not appear that the subsequent reducing of the amendment to writing resulted in harm to defendant; since such matters are within the discretion of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. ☞236.]

**4. PLEADING ☞248 — AMENDMENT — NEW CAUSE OF ACTION.**

In an action on a life insurance policy, an amendment to the petition reducing the amount claimed in the original pleading, and relying upon an indorsement thereon by defendant pursuant to an agreement with the first beneficiary making plaintiff the beneficiary thereunder, did not set up a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 687, 689–706, 708½, 709; Dec. Dig. ☞248.]

**5. APPEAL AND ERROR ☞699—EXCEPTIONS—CHARGE.**

Where the bill of exceptions does not enable the appellate court to say that the trial court was given an opportunity before reading his general charge to consider a requested charge, the court's refusal thereof cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2928–2930; Dec. Dig. ☞699.]

**6. INSURANCE ☞645—ACTION ON POLICY—EVIDENCE.**

In an action on a policy of life insurance, where the petition as against a demurrer showed a good cause of action without alleging that insured was in sound health when the policy was issued, as required by its conditions, evidence for defendant that insured was not in sound health when the policy was issued was properly excluded where defendant did not give notice within 90 days that it would not be bound by the contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644; Dec. Dig. ☞645.]

**7. PLEADING ☞250—AMENDMENT—VARIANCE.**

In an action on a policy of life insurance, an amendment seeking a recovery in an amount $6 less than that sought by the original peti-

tion, resulting from defendant's unauthorized retention of the policy until the trial, was not a fatal variance, but came within the maxim de minimis non curat lex.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 730–733; Dec. Dig. ☞250.]

**8. CONTINUANCE ☞30—GROUND—SURPRISE—KNOWLEDGE.**

There was no error in overruling defendant's motion to continue an action on an insurance policy on the ground of surprise at the facts set out in a trial amendment, where they were at all times known to defendant.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. ☞30.]

**9. CONTINUANCE ☞30—GROUND—SURPRISE—DEFENSES.**

Facts set out in plaintiff's trial amendment, not constituting a defense to the policy sued on, could not be made the basis for a continuance on the ground of surprise.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; ·Dec. Dig. ☞30.]

**10. INSURANCE ☞587 — INDORSEMENT — EFFECT.**

Where an insurer agreed to and made an indorsement on the policy, naming the first beneficiary's sister as the beneficiary, it was bound by it, even though the request to do so was not made on the form provided by it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1469; Dec. Dig. ☞587.]

Error from Dallas County Court; W. F. Whitehurst, Judge.

Action by J. C. Burnside against the American National Insurance Company. Judgment of justice court for plaintiff was affirmed on appeal to the county court, and defendant brings error. Affirmed.

M. L. Robertson, of Dallas, for plaintiff in error. Joe Utay and C. T. Williamson, both of Dallas, for defendant in error.

RASBURY, J. The evidence adduced at trial in this case establishes, without dispute, that on July 22, 1912, plaintiff in error insured the life of Pearl McMinn for the benefit of her husband, Forrest McMinn, in the sum of $192, one-half thereof to be paid if the insured died within six months after the issuance of the policy. Forrest McMinn, the beneficiary, died September 29, 1912. After his death, and about November 15, 1912, Pearl McMinn requested the agent of the plaintiff in error to indorse the policy so that her sister, Mrs. J. C. Burnside, the defendant in error, would be the beneficiary thereunder. Plaintiff in error's agent declined to do so until all premiums were paid to January 6, 1910. The premiums were paid at once, whereupon the agent retained the policy, promising to make the change in the beneficiary and return same within two weeks. Thereafter, and on November 25, 1912, Pearl McMinn died. The policy was not returned by plaintiff in error, but retained until trial, when it was offered in testimony, and is a part of the statement of facts. There is an indorsement on the policy making the defendant in error the beneficiary. The indorsement, however, is dated November 25,

1912, the day Pearl McMinn died, and is signed by the secretary of the plaintiff in error. Suit on the policy was commenced March 7, 1913, in justice court, Dallas county, where judgment was for defendant in error. There was an appeal to the county court of Dallas county at law and jury trial, resulting in verdict and judgment for defendant in error, from which this appeal is prosecuted.

We affirm the case upon the errors assigned for the following reasons:

[1] 1. Because there was no error in overruling plaintiff in error's general demurrer and special exception to defendant in error's petition on the ground that the petition showed no cause of action because it failed to allege "that the insured was in sound health at the time the policy was issued as required by the conditions" of the policy. If the insured was not in sound health when the policy was issued, such fact, at most, constituted a valid defense, and not an affirmative matter necessary to be alleged by defendant in error in order to disclose a cause of action.

[2] Further, it does not appear that plaintiff in error, within the 90 days required by law in such cases, gave notice that it would not be bound by the contract. Hence that defense, if it existed, was lost. Article 4948, Vernon's Sayles' Stats. 1914; National Life Ass'n v. Hagelstein, 156 S. W. 353.

[3, 4] 2. Because there was no error on the part of the trial court in permitting the defendant in error at trial to state what he intended to include in a proposed trial amendment, the same to be afterwards reduced to writing, since such matters are within the discretion of the court, and it is not made to appear that reducing same to writing subsequently resulted in harm to plaintiff in error. Nor is harm shown to have resulted from the facts alleged in said amendment and proven upon trial; since the effect was not to set up a new cause of action, as claimed by plaintiff in error, but: First, to reduce the amount claimed upon the policy in the original cause of action pleaded in the justice court; and, second, to rely upon an indorsement made upon the policy by plaintiff in error in pursuance of its agreement with Pearl McMinn. The cause of action remained the same under the policy.

[5] 3. Because we cannot consider the error assigned upon the refusal of the court to give a certain requested charge, since said charge is not presented here by bill of exceptions in accordance with the amended practice act, and we are, hence, unable to say that the trial court was given an opportunity before reading his general charge to the jury to consider such special charge, and until such facts are made so to appear the court's action in that respect cannot be reviewed, as has been held by practically all the Courts of Civil Appeals.

[6] 4. Because the court did not err in ex-cluding the testimony of the witness Dr. Bourland, tendered for the purpose of showing that the insured was not in sound health at the time of the issuance of the policy of insurance, for the reasons stated in the first section hereof.

[7] 5. Because the introduction of the policy sued on did not constitute error on the ground of variance, or because it set up new cause of action. The variance between the amount sued for originally and that sought by the amended petition was $6. This error was in favor of plaintiff in error, and was the result of the unauthorized retention of the policy by plaintiff in error until trial. Further, the variance comes well within the maxim, "De minimis non curat lex." Pleading the indorsement on the policy made after the policy went into the possession of plaintiff in error does not set up a new cause of action as we have said at another place to which may be added the further suggestion that the amendment was in relation to that which evidenced the right to maintain the cause of action, rather than in relation to the right itself.

[8] 6. Because the court did not err in overruling plaintiff in error's motion to continue the case on the ground of surprise at the facts set out in the trial amendment, since such facts were at all times known to plaintiff in error.

[9] Further, such facts do not in law constitute a defense to the policy, and for that reason could not be made the basis for continuance on the ground of surprise.

[10] Plaintiff in error agreed to make the indorsement on the policy that it did make, and, having made it, was bound by it, even though the request to do so was not made upon forms provided by it.

The judgment is affirmed.