## WICKES v. METROPOLITAN LIFE INS. CO. et al.*

### No. 16417.

Court of Appeal of Louisiana. Orleans.

Oct. 19, 1936.

*Rehearing denied Nov. 4, 1936. Writ of certiorari refused Nov. 30, 1936.

Jas. G. Schillin, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee Metropolitan Life Ins. Co.

John Charbonnet, of New Orleans, for appellee Mrs. Ruth Martin Duhaney.

McCALEB, Judge.

This is a contest between rival claimants for the proceeds of an industrial life insurance policy.

We find the facts of the case to be as follows:

On January 5, 1926, one Ralph Duhaney, a colored man, hereinafter referred to as the insured, entered into a contract of endowment and life insurance with the Metropolitan Life Insurance Company, by the terms of which, and in consideration of a weekly premium of 50 cents, the insurance company agreed to pay, upon event of his death, to his executor or administrator, the sum of $510.

The policy also contained a "facility of payment clause." This clause provides, in substance, that notwithstanding the named beneficiary, the insurer shall have the right to "make any payment or grant any non-forfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied." Such provisions have been held to be valid and enforceable by our courts (Dorsey v. Metropolitan L. Ins. Co., 145 So. 304 and Smooth v. Metropolitan L. Ins. Co., 157 So. 298), and it is now well settled that under policies of insurance containing the facility of payment clause, the named beneficiary is without a vested interest in the insurance proceeds, and the insurer has the right to pay such proceeds to any one of the persons included in that provision of the policy.

The evidence shows that the insured was, for a number of years, in the employ of Mrs. Katie Wickes, the plaintiff herein; that she was not only kind to him, but had given him a horse and wagon in order that he might engage in a business of his own.

On March 8, 1930, the insured informed the insurance company's agent that he desired to change the beneficiary in the policy and, in accordance with his request, the agent provided him with an application blank of the company (Form 22 D.O.) for execution. The agent filled out the blank, inserting the plaintiff as the new beneficiary, and the insured signed the same. This application, in substance, is a request by the insured upon the insurance company to pay the death benefit of the insurance policy to Katie Wickes, subject, however, to the provision in the policy authorizing payment at the company's option to his executor or administrator, or to any of his relatives by blood, or connections by marriage, or to any other person appearing to said company to be equitably entitled to same by reason of having incurred expense on his behalf or for his burial.

After the application for change of beneficiary had been executed by the insured, it was delivered to the agent, together with the insurance policy, to be sent to New York for approval by the company at its main office.

The agent testified that he mailed the application and the policy to the company's head office in New York and that the company returned them, approximately two weeks later, without any action being taken. He further says that afterwards he delivered the policy, together with the application for change of beneficiary, to Mrs. Wickes, but he could not remember what he told her regarding the failure of the company to consent to the change which, according to the terms and conditions of the policy, should have been evidenced by the president or secretary of the company.

On the other hand, Mrs. Wickes testifies that the agent told her that everything was in proper shape and that in the event

of the insured's death, she would be protected. The agent' does not deny this statement, but explains that inasmuch as Mrs. Wickes had paid a great portion of the premiums to the insurance . company, he thought that the company would take care of her, under the facility of payment clause.

Mrs. Wickes kept the insurance policy in her possession and continued to pay premiums thereon until June 16, 1935, when the insured died. She thereupon presented the policy to the insurance company and requested it to make payment of the insurance proceeds to her. Upon its refusal so to do, she filed this suit.

The insurance company answered, denying the allegations of the plaintiff's petition, and, by way of intervention, filed a bill of interpleader under the provisions of Act No. 123 of 1922, setting forth that demand had been made upon it by the plaintiff, and also by one Ruth Martin Duhaney, individually and as administratrix of the Succession of the insured, both claiming the proceeds of the policy; that it desired to deposit the proceeds, to wit, the sum of $538.19, in the registry of the court and to disclaim all further interest therein. The prayer of the company was granted by the judge, upon its deposit of the insurance proceeds in the registry of the court.

Ruth Martin Duhaney intervened in the proceeding, claiming the proceeds of the insurance policy upon the ground that the policy. was payable to her as administratrix of the estate of the insured, and that a change of beneficiary had never been effected, in accordance with the terms and conditions of the policy contract, because of the failure of the president or secretary to indorse the company's acceptance of the attempted change of beneficiary by the insured.

After hearing on the issues above presented, the district judge decided in favor of Ruth Martin Duhaney, administratrix, and dismissed the claim of Mrs. Wickes. Mrs. Wickes has appealed from the judgment of dismissal.

In submitting the case for our decision, Mrs. Wickes first contends that, inasmuch as there is no specific provision of the policy' concerning the right of the insured to change the beneficiary, the insured was vested with the right to change the beneficiary without the consent of the company.

In answer to this proposition, counsel for Mrs. Duhaney directs our attention to a clause in the contract which provides, in substance, that the policy constitutes the entire agreement between the company and the insured and that .its terms or conditions cannot be changed or varied except by the express agreement of the company evidenced by the signature of its president or secretary.

To maintain her contention Mrs. Wickes relies upon the case of Kimbal v. Nat. L. Ins. Co., 8 La.App. 228, wherein this court held that where the insured in an industrial policy has done all that is required of her to effect a change of beneficiary, and where the provisions of the policy as to change of beneficiary are not proved, that the change will take effect, although the formal details thereof were not completed before the death of the insured. But, in the Kimbal Case, the policy sued upon was not offered in evidence, and the court correctly took the position that in view of the fact that the policy was not before it, it could not assume that there was a provision contained therein prohibiting the insured from changing beneficiary without the consent of the company.

On the other hand, it appears that the policy here is identical with the policy sued upon in the case of Dolan v. Metropolitan L. Ins. Co., 11 La.App. 276, 123 So. 379, cited by counsel for Mrs. Duhaney, wherein this court, while recognizing that the indorsement on a rider, attached to the policy in question, was valid and effected a change of beneficiary without the indorsement being made upon the policy itself, held that the provision in the policy, which asserts that the terms or conditions of the policy cannot be changed or varied except by the express agreement of the company evidenced by the signature of its president or secretary, governed the change of beneficiary.

The provision of a policy, which stipulates that the consent of the company is a condition precedent to a change in the terms or conditions of the policy, is applicable to the change of beneficiary. It follows that the attempted change of beneficiary by the insured in the instant case was incomplete, because the company had never evidenced its consent to such change in the manner provided for in the policy.

■ But counsel for Mrs. Wickes maintains that, if we find that the consent of the insurer was necessary under the policy to effect a change of beneficiary, the company is now estopped, by its failure to take action upon the application of the insured, from contending that a change of beneficiary was not effected. We can find no ground for the plea of estoppel for the reason that the company is not contending anything. It has merely deposited the insurance money in court, interpleaded all claimants, and disclaims any interest in respect of the rights of the litigants.

It occurs to us, however, that the insurance company, in failing to object to the attempted change of beneficiary by the assured, may have, by interpleading all known rival claimants to the policy proceeds, waived its right to insist upon a strict compliance with the policy provisions. If such be the case, the question then arises, whether or not the original beneficiary in the policy is vested with such an interest in the insurance proceeds entitling her to assert in the prosecution of her claim that a provision of the contract was not performed, even though it was waived by the party for whose benefit it was written.

It is apparent, under the terms and conditions of the policy contract, that Mrs. Wickes is without right to insist that the beneficiary in the policy has been changed, unless the company, by its conduct, has waived the provision of the policy requiring that a change in the terms or conditions of the policy, to be effective, must be evidenced by the signature of the president or secretary of the company.

It is manifest that the insurance company could have successfully asserted the defense, that the change of beneficiary was ineffective because it did not consent as required by the policy and have thus defeated the claim of Mrs. Wickes. But, it has not seen fit to deny or litigate the validity of her claim. On the contrary, it has come into court taking advantage of the interpleader act, deposited the proceeds of the policy, disclaimed any interest in the same, and has asked the court to decree the proceeds to one of the rival claimants and discharge it (the insurer) from further liability. The weight of authority, in both the federal and state courts throughout this country, is to the effect that the conditions respecting the indorsement of

or consent to a change of beneficiary by the insurer, being inserted for its protection, may be waived by it through filing a bill of interpleader, paying the proceeds of the insurance into the court, indicating that it stands indifferent as between contesting claimants. See Royal Union Mut. L. Ins. Co. v. Lloyd (C.C.A.) 254 F. 407; Barrett v. Barrett, 173 Ga. 375, 160 S.E. 399, 78 A.L.R. 962; Hoskins v. Hoskins, 231 Ky. 5, 20 S.W.(2d) 1029; Causey v. State L. Ins. Co., 17 La.App. 545, 135 So. 747, 749; Preston v. Connecticut Mut. L. Ins. Co., 95 Md. 101, 51 A. 838; Quist v. Western & So. L. Ins. Co., 219 Mich. 406, 189 N.W. 49; Bank of Belzoni v. Hodges, 132 Miss. 238, 96 So. 97; Borchers v. Barckers, 158 Mo.App. 267, 138 S.W. 555; White v. White (Sup.) 194 N.Y.S. 114; In re Degenhardt's Estate, 123 Misc. 762, 206 N.Y.S. 220; In re Chatham Phenix Nat. Bank & T. Co., 232 App.Div. 598, 251 N.Y.S. 43; Atkinson v. Metropolitan L. Ins. Co., 114 Ohio St. 109, 150 N.E. 748; Northern L. Ins. Co. v. Burkholder, 131 Or. 537, 283 P. 739; Smith v. Metropolitan L. Ins. Co., 222 Pa. 226, 71 A. 11, 20 L.R.A.(N.S.) 928, 128 Am.St.Rep. 799; John Hancock Mutual L. Ins. Co. v. White, 20 R.I. 457, 40 A. 5; American Nat. Ins. Co. v. Burnside (Tex.Civ.App.) 175 S.W. 169; Wentworth v. Equitable L. Assur. Soc., 65 Utah, 581, 238 P. 648. And see, also, Arrington v. Grand Lodge, 21 F.(2d) 914, 916 (C.C.A.5); Holt v. Russell, 30 F. (2d) 597 (C.C.A.5); Sbisa v. Lazar et al., 78 F.(2d) 77, 78 (C.C.A.5).

These cases clearly demonstrate that, in contests between rival claimants, both asserting to be the beneficiary under policies of life insurance, the original beneficiary may not urge that the requirements of the policy, respecting the consent of the insurer to the change, were not properly executed, where, as in the case at bar, the insurer has waived its right to have the conditions of the policy, respecting the change, complied with by filing of a bill of interpleader.

Endorsement of this view is found in the jurisprudence of this state in the case of Causey v. State L. Ins. Co., supra, wherein it is said: "The requirement for the indorsement of the change of the beneficiary on the policy was for the benefit of the Insurer and could be waived by it (Supreme Council of R. A. v. Behrend, 247 U.S. 394, 38 S.Ct. 522, 62 L.Ed. 1182, 1

A.L.R. 966; Cooley's Briefs on Ins., vol. 7, p. 6461); and the requirements should be regarded as having been made merely to evidence the consent of the Insured (Quist v. Western & So. Life Ins. Co., 219 Mich. 406, 189 N.W. 49)." See, also, Vance on Insurance (2d Ed.) c. 10, p. 569, and Cooley's Briefs on Insurance, vol. 7, p. 6461.

In the case of Sbisa v. Lazar, et al., supra, the Circuit Court of Appeals of the United States for the Fifth Circuit said: "Appellees can hardly say with straight faces that appellants ought to be defeated for the reason that Dr. Pollock failed to send in the policy to the home office of the company and have the name of a new beneficiary indorsed on it. *The provision of the policy as to the method of effecting a change of beneficiary was one for the benefit and protection of the insurance company only; and the insurance company clearly waived it by filing the bill of interpleader and depositing the amount of the policy to be paid to those entitled to receive it as the court might direct.*" (Italics ours.)

In Arrington v. Grand Lodge, supra, the clause in the policy and by-laws of the insurance company respecting the change of beneficiary provided that such transfers or changes would be null and void unless made upon the books of the grand lodge under the direction of the general secretary and treasurer. The insured's sister was originally named as beneficiary. Prior to the insured's death, he executed a document by which he declared that his wife should get the insurance money. The sister claimed that because the change of beneficiary had not been indorsed upon the books of the company in accordance with the policy and by-laws, that she had never been legally divested as the real beneficiary. The Circuit Court of Appeals of the United States for the Fifth Circuit, in sustaining the widow's claim, said: "The just mentioned provision was a matter entirely between the insurer and the insured, *and was for the benefit of the insurer alone.* If the insurer chose *to waive or not insist* on an objection to the sufficiency of the act of the insured manifesting his intention to change the beneficiary, *based on a noncompliance with a requirement prescribed for its sole benefit, an objection on that ground was not available in favor of the original beneficiary.* No one other than the insurer had the

right to question the sufficiency of the above set out instrument to effect a change of beneficiary, on the ground of noncompliance with the provision as to the method effecting such change." (Italics ours.)

We believe that the principle announced in the foregoing jurisprudence is sound. Obviously, the only plausible reason for the insertion of a provision in a policy of life insurance, that its terms and conditions cannot be changed without the consent of the company, is one placed therein solely for the benefit of the company. Like all other provisions in contracts, it may be waived by the parties thereto, provided that such waiver does not interfere with the vested rights of third persons. In the case at bar, any right obtained by the executor or administrator of the estate of the insured did not become vested at the time of the insured's death by reason of the fact that under the facility of payment clause contained in the contract, the insurance company could ignore the named beneficiary and pay whomsoever it pleased. Likewise, the insurance company had the right, if it had seen fit, to contest Mrs. Wickes' claim as beneficiary. However, it has not exercised its option. It has come into court disclaiming any interest whatsoever in the policy proceeds or the respective rights of the claimants and has deposited the money in the court's registry. In such circumstances, the court will invoke its equity powers in determining as to which one of the rival contestants is entitled to the proceeds of the insurance.

In making such determination, we feel that in justice to the insured, his desire and intention should be paramount. The insured here has declared in writing that the proceeds of the policy should be given to the plaintiff, Mrs. Wickes, who was his friend and benefactor. He did everything within his power, before his death, to effect a change of beneficiary by naming her as such, in the place of his executor or administrator. To deny his wishes in the premises would be not only inequitable, but unjust.

Our decision here is limited to cases where the insurance company interpleads, and by such action waives its right to insist upon a strict compliance with the terms and conditions of the policy. In order to warrant the conclusion reached, it is necessary to distinguish this

case from that of New York L. Ins. Co. v. Murtagh, 137 La. 760, 69 So. 165, 167, cited by counsel for Mrs. Duhaney and Metropolitan Life Ins. Co. v. Lewis (La. App.) 142 So. 721, 723, decided by our brethren of the Second Circuit.

In the Murtagh Case, the policy provided that the insured should have the right to designate a new beneficiary by filing written notice thereof at the home office of the company, accompanied by the policy, for suitable indorsement thereon, and that such change would be effective upon the indorsement of the same on the policy by the company and not before. The insured sought to change the beneficiary, and for that purpose executed a form which had been furnished him by an agent of the company. Before the form, requesting the change of beneficiary, reached the home office in New York for indorsement, the insured died. Thereupon, Miss Delery, the named beneficiary and the insured's testamentary executor, filed claim with the insurance company for the proceeds of the policy, the executor claiming that the beneficiary had been changed and Miss Delery claiming that the change was not valid because the company had failed to indorse the same on the policy before the insured's death. Under this state of facts, the insurance company filed a bill of interpleader, deposited the proceeds of the policy in the registry of the court, and cited both contestants to appear and assert their rights. The Supreme Court held that the change of beneficiary was not effected, and that the rights of the original beneficiary became vested at the death of the insured, and therefore she was entitled to the proceeds.

The pertinent portion of the decision is expressed in the following words: "The rights of the beneficiary were fixed at the death of the insured, and could not be affected by any subsequent acts of the insurance company, or the personal representatives of the deceased." In that respect, the case is vastly different from the case at bar. There, the insurance company agreed to pay the proceeds of the policy to the beneficiary named therein at the date of the insured's death. When the insured died, Miss Delery was the named beneficiary, and her right became vested and fixed. She, having a vested right, could well complain that the change attempted by the insured was not effective because of his failure to obtain the consent of the company. But, in the case at bar, by virtue of the facility of payment clause, the right of the named beneficiary did not become vested or fixed at the death of the insured; on the contrary, the company had the right to ignore the named beneficiary completely and pay the proceeds over to whomsoever it decided was equitably entitled thereto.

Moreover, in the Murtagh Case, it does not appear that the question of the company's waiver of the formality of effecting the change of beneficiary by filing its bill of interpleader was ever raised by counsel or passed upon by the court.

In the case of Metropolitan L. Ins. Co. v. Lewis, the facts were somewhat similar to those in the Murtagh Case, and although the question of the waiver by the insurance company of the formalities required in changing the beneficiary were discussed and commented upon, the court, in following the law laid down in the Murtagh Case, held that "the rights of the beneficiary were fixed at the death of the insured, and could not be affected by any subsequent acts of the insurance company." The opinion goes on to differentiate the case from the case of Causey v. State L. Ins. Co., supra, which had been previously decided, pointing out that the distinction between the two cases is that in the Causey Case the insurance company waived the provisions of its policy prior to the death of the insured, whereas in the case under consideration, the waiver, which occurred after the death of the insured, could not be effective because the rights of the original beneficiary had become vested.

But again in the Lewis Case, the court did not have before it a policy containing a facility of payment clause, and the rights of the original beneficiary had become fixed as of the date of the death of the insured.

The foregoing observations demonstrate the difference to be noted between the Lewis and Murtagh Cases, wherein the policies of insurance were such that the rights of the original beneficiary became vested and fixed at the date of the death of the insured, and the case at bar where, because of the facility of payment clause, the original beneficiary in the policy did not become vested with any rights whatsoever.

54

For the reasons assigned, the judgment of the district court is annulled, avoided, and reversed.

It is now ordered, adjudged, and decreed that there be judgment herein in favor of the defendant, Metropolitan Life Insurance Company, decreeing that said Metropolitan Life Insurance Company is relieved of all liability on the policy of insurance issued by it on the life of Ralph Duhaney.

It is further ordered, adjudged, and decreed that there be judgment herein in favor of Mrs. Katie Wickes, recognizing her as the beneficiary of the policy of insurance issued by the Metropolitan Life Insurance Company on the life of Ralph Duhaney and declaring the said Mrs. Katie Wickes to be entitled to the sum of $538.19 deposited in the registry of the Civil District Court for the parish of Orleans by the Metropolitan Life Insurance Company, together with all interest due thereon.

It is further ordered, adjudged, and decreed that the intervention and claim of Ruth Martin Duhaney, administratrix of the succession of Ralph Duhaney, be, and the same is hereby, dismissed. Ruth Martin Duhaney to pay all costs incurred by the Metropolitan Life Insurance Company and Mrs. Katie Wickes.

Reversed.