SCHOTT, Judge.
This is a concursus proceeding initiated by plaintiff against Joseph A. Krause, Mrs. Rose Krause and Mrs. Billie Barron concerning life insurance proceeds in the amount of $15,000, payable under a policy issued on May 7, 1970, to Henry J. Krause. The policy was from a group policy to employees of the state. Henry J. Krause died on February 19, 1974.
When the policy was issued the named beneficiary was the decedent’s brother, Joseph W. Krause, but on September 24, 1971, decedent signed a form entitled “Change of Status and Evidence of Insurability” which purported to change the beneficiary on the policy. The portion of the form involved in a change of beneficiary contains in print the instructions: “Change my Life Insurance Beneficiary From” followed by a blank which was filled in with the name Joseph W. Krause. This is followed by the printed word “To” and a blank for the new beneficiary. This blank was not filled in. Following the blank was printed on the form: “Relationship of New Beneficiary to Insured” following this someone had typed: “See attached list.” The form was signed by decedent. Although the form was sent to and received by plaintiff’s agent on December 4, 1971, the “attached list” referred to on the form was not attached, was never received, and was never found.
Joseph Krause claimed the proceeds on the basis that he is the beneficiary, the change of beneficiary never having been made during the decedent’s lifetime. Mrs. Rose Krause, the decedent’s widow, who, at the time of his death, had been living separate and apart from him for about twelve years, but never legally separated or divorced from him, claimed the proceeds as surviving spouse in community with decedent. *1353 She alleged in her answer that the estate of the deceased was the proper beneficiary under the circumstances and contends that she would inherit those proceeds under the law. Finally, Mrs. Billie Barron claimed $3,000 of the proceeds on the allegation that she was designated to receive that sum by the schedule decedent intended to attach, although she admits that the schedule was lost. However, she voluntarily dismissed her claim before the matter was submitted to the trial court for adjudication.
The trial judge, to whom the matter was submitted on a stipulation of facts, awarded the proceeds to Joseph W. Krause for the following reasons:
“The sole question for determination must therefore be whether the mere execution of the ‘Change My Life Insurance Beneficiary’ form, in blank, constituted a revocation of the originally named beneficiary. The Court is of the opinion that it does not, even if signed by the insured, and the weight of authority supports the Court’s opinion.”
Rose Krause has appealed from this judgment, taking the position that decedent did change the beneficiary of his policy to the extent of removing Joseph W. Krause so that the decedent’s estate became the proper beneficiary for lack of a named beneficiary.
Before going further, the following provisions of the policy with respect to change of beneficiary are relevant:
“An Insured Employee who has not named an irrevocable beneficiary, may change his beneficiary at any time without the beneficiary’s consent by filing written notice of the change with the Employer but the change shall not become effective under this policy unless the notice is received by the Company at its Executive Offices or by the State of Louisiana, Division of Administration, Group Insurance Section, acting on behalf of the Company. Upon receipt of the notice by the Company, the change will take effect as of the date the notice was signed, but without prejudice as to any payment made before such change is recorded by the Company.”
At the outset we must consider appellant’s contention that we should start with the assumption that decedent necessarily intended that his brother no longer be the beneficiary on the policy when he signed the form and, therefore, the judgment of the trial court is necessarily inconsistent with decedent’s intention. However, for us to know the intent of the decedent requires speculation since it is just as plausible that decedent was changing the beneficiary completely from his brother to one or more other beneficiaries as that he was perhaps naming another beneficiary to take only a small portion of the proceeds with the balance of the proceeds left to his brother as the beneficiary.
Under these circumstances we reject appellant’s argument that we must look to the intention of the decedent in making our decision. Even if the law favored this kind of solution there are simply no facts in the record on which such a decision could be based.
Furthermore, in considering appellant’s argument that we should endeavor to determine the intent of the decedent and therefore hold that his estate was the proper beneficiary now entitled to receive the proceeds we would therefore decide the case on the basis that his intention was to have his life insurance proceeds distributed according to the laws of intestacy. Under appellant’s theory this would make her the ultimate beneficiary pursuant to LSA.-C.C. Art. 915.[1] Without considering the merits of this ultimate contention we must point out that there is absolutely no basis on which to assume that decedent intended the *1354 proceeds to go to appellant simply because he signed the form which did no more than to express an intention to remove Joseph Krause as the beneficiary for the full 100% of the proceeds.
These circumstances distinguish the case from the one case appellant relies on in our jurisprudence, Wickes v. Metropolitan Life Ins. Co., 170 So. 48 (Orl.La.App.1936). In that case the original beneficiary on the policy was the insured’s executor or administrator. He subsequently informed the company’s agent that he decided to change the beneficiary and the agent provided him with an application blank for that purpose. The form was completed with the insertion of plaintiff’s name as the new beneficiary and the insured signed the form. For some reason the change was not administratively processed by the insurance company at its home office and that there was no certificate by the president or secretary of the company that the beneficiary change had been made. The court held that the desire and the intention of the insured were paramount and to deny his wishes would be inequitable and unjust. The distinction is clear. The insured in the Wickes case clearly and in writing expressed his intention, not only to change the old but to designate the new beneficiary. As the court pointed out, he did everything in his power to bring about that change. In the instant case, we are unable to determine the intention of the insured and the same equitable considerations as the court made in the Wickes case are not present here.
Furthermore, the court was able to reach a decision in the Wickes case because of the “facility of payment clause” in the policy which was involved there. That clause, in effect, enabled the company to pay the proceeds to anyone it deemed equitably entitled to payment without regard to the designation of the beneficiary in the policy.
On the other hand, we appreciate our jurisprudence to be consistent with that expressed as the general rule in Couch on Insurance 2d, § 28:109. Where an attempt to change a beneficiary in a life insurance policy has been unsuccessful the prior beneficiary is entitled to the proceeds of the insurance, and an attempted designation of a new beneficiary where a former one has been legally and validly designated will not if invalid or unsuccessful revoke the original designation and impair the rights of the original beneficiary. In Giuffria v. Metropolitan Life Ins. Co., 188 La. 837, 178 So. 368 (1938), even though the insured had signed a change in beneficiary on the form provided by the insurance company and this form was received in the home office of the company before the insured’s death, because the policy required surrender of the policy so as to endorse the change thereon, and this was not accomplished, the court held that the original beneficiary was entitled to the proceeds. In New York Life Ins. Co. v. Murtagh, 137 La. 760, 69 So. 165 (1915), the original beneficiary was held to be entitled to the proceeds where the insured had the right to designate a new beneficiary by filing a written notice at the home office of the company accompanied by the policy for an endorsement thereon, but such notice was never received by the company. See also Morein v. North American Co. for Life & Health Ins., 271 So.2d 308 (La.App. 3rd Cir. 1972), writ refused 273 So.2d 845.
In the instant case, we have an attempted change in the beneficiary which was ineffective because it did not show the extent to which a change was made or the person(s) in whose favor a change was made. When the law discussed above is applied to these facts we cannot say that appellant is entitled to these insurance proceeds. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.

. We pretermit appellant’s procedural problem not raised by the parties but perhaps serious. There is no showing that appellant or anyone else ever qualified as decedent’s succession representative who would have the right of action to assert a claim on behalf of his estate.